1  William T. Earley, State Bar No. 144877
   Liseanne R. Kelly, State Bar No. 211782
2  LUCE, FORWARD, HAMILTON & SCRIPPS LLP
   600 West Broadway, Suite 2600
3  San Diego, California 92101-3372
   Telephone No.: 619.236.1414
4  Fax No.: 619.232.8311

5  Attorneys for Pacific Hospitality Group, Inc., Brian Harkins, Luis Barrios, Rodrigo Garcia, Robert
   Snee, Emy Eufracio, Greg Brownen, Fred Grand, and William McWethy
6

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10                         SAN DIEGO DIVISION

11 DICKEY GAINES,                        Case No. 08 CV 00907 DMS AJB

12        Plaintiff,                     **DEFENDANT RODRIGO GARCIA'S**
                                         **ANSWER TO PLAINTIFF'S CIVIL**
13 v.                                    **COMPLAINT AND JURY DEMAND**

14 PACIFIC HOSPITALITY GROUP INC.,       Complaint Filed:        May 22, 2008
   BEST WESTERN HACIENDA HOTEL,
15 BRIAN HARKINS, LUIS BARRIOS,
   RODRIGO GARCIA, ROBERT SNEE, EMY
16 EUFRACIO, GREG BROWNEN, FRED
   GRAND, WILLIAM McWETHY, JOHN
17 DOES,

18        Defendants.

19

20        Defendant Rodrigo Garcia ("Defendant"), hereby responds to plaintiff's Civil Complaint and

21 Jury Demand filed in the United States District Court, Southern District of California, San Diego

22 Division.

23        1.      Answering the allegations of paragraph 1, Defendant is informed and believes that this

24 is an accurate description of the nature of plaintiff's lawsuit.

25        2.      Answering the allegations of paragraph 2, Defendant is informed and believes that the

26 Court has jurisdiction and venue is proper.

27        3.      Answering the allegations of paragraph 3, Defendant admits that plaintiff was

28 employed as a Landscaper in the Landscaping Department at the Best Western Hacienda Hotel,

4041 Harney Street, San Diego, California 92110, and that plaintiff acted as a crew leader in Landscaping. Defendant denies that plaintiff was driven from his employment. As to the remaining allegations, Defendant has no personal knowledge regarding these allegations contained therein and on that basis denies the remaining allegations therein.

4.    Answering the allegations of paragraph 4, Defendant has no personal knowledge regarding the allegations contained therein and on that basis lacks knowledge or information sufficient to admit or deny the allegations.

5.    Answering the allegations of paragraph 5, Defendant admits that Best Western Hacienda Hotel is located at 4041 Harney Street, San Diego, California 92110 and that the hotel is managed by Luis Barrios. As to the remaining allegations, Defendant has no personal knowledge regarding these allegations contained therein and on that basis lacks knowledge or information sufficient to admit or deny the remaining allegations.

6.    Answering the allegations of paragraph 6, Defendant admits that Brian Harkins is a white male and is the CFO for Pacific Hospitality Group. As to the remaining allegations, Defendant has no personal knowledge regarding these allegations contained therein and on that basis lacks knowledge or information sufficient to admit or deny the remaining allegations.

7.    Answering the allegations of paragraph 7, Defendant admits that Luis Barrios is the General Manager of the Best Western Hacienda Hotel. As to the remaining allegations, Defendant has no personal knowledge regarding these allegations contained therein and on that basis lacks knowledge or information sufficient to admit or deny the remaining allegations.

8.    Answering the allegations of paragraph 8, Defendant admits that he is a resident alien of the United States, is Hispanic, and is from Mexico. Defendant further admits that he resides in Chula Vista, California and is the Director of Landscaping at the Best Western Hacienda Hotel and that he was the immediate supervisor of plaintiff and directed plaintiff's daily work activities. Defendant denies that he appointed himself the Director of Landscaping and denies that he acted in violation of the law as alleged by plaintiff. Defendant is informed and believes that plaintiff intends to sue Mr. Garcia in his individual and official capacity.

9.    Answering the allegations of paragraph 9, Defendant admits that Mr. Snee is a white

male and is employed in accounting.  As to the remaining allegations, Defendant has no personal knowledge regarding these allegations contained therein and on that basis lacks knowledge or information sufficient to admit or deny the remaining allegations.

10.    Answering the allegations of paragraph 10, Defendant admits that Ms. Eufracio is Hispanic and is the Head of Housekeeping.  As to the remaining allegations, Defendant has no personal knowledge regarding these allegations contained therein and on that basis lacks knowledge or information sufficient to admit or deny the remaining allegations.

11.    Answering the allegations of paragraph 11, Defendant admits that Mr. Brownen is a white male and was employed in Engineering.  As to the remaining allegations, Defendant has no personal knowledge regarding these allegations contained therein and on that basis lacks knowledge or information sufficient to admit or deny the remaining allegations.

12.    Answering the allegations of paragraph 12, Defendant admits that Mr. Grand is the President of Pacific Hospitality Group.  As to the remaining allegations, Defendant has no personal knowledge regarding these allegations contained therein and on that basis lacks knowledge or information sufficient to admit or deny the remaining allegations.

13.    Answering the allegations of paragraph 13, Defendant admits that Mr. McWethy is a white male.  As to the remaining allegations, Defendant has no personal knowledge regarding these allegations contained therein and on that basis lacks knowledge or information sufficient to admit or deny the remaining allegations.

14.    Answering the allegations of paragraph 14, Defendant is unable to admit or deny legal allegations or conclusions of law regarding plaintiff's claims, as said allegations are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure.  With respect to any factual allegations in paragraph 14, Defendant denies each and every allegation of said paragraph.

15.    Answering the allegations of paragraph 15, Defendant has no personal knowledge regarding the allegations contained therein and on that basis lacks knowledge or information sufficient to admit or deny the allegations.

16.    Answering the allegations of paragraph 16, Defendant denies the allegations therein.

17.    Answering the allegations of paragraph 17, Defendant has no personal knowledge regarding the allegations contained therein and on that basis lacks knowledge or information sufficient to admit or deny the allegations.

18.    Answering the allegations of paragraph 18, Defendant has no personal knowledge regarding the allegations contained therein and on that basis lacks knowledge or information sufficient to admit or deny the allegations.

19.    Answering the allegations of paragraph 19, Defendant lacks knowledge or information sufficient to admit or deny such allegations, and on that basis, Defendant denies each and every factual allegation of the paragraph.

20.    Answering the allegations of paragraph 20, Defendant lacks knowledge or information sufficient to admit or deny such allegations, and on that basis, Defendant denies each and every factual allegation of the paragraph.

21.    Answering the allegations of paragraph 21, Defendant has no personal knowledge regarding the allegations contained therein and on that basis lacks knowledge or information sufficient to admit or deny the allegations.

22.    Answering the allegations of paragraph 22, Defendant admits the allegations therein.

23.    Answering the allegations of paragraph 23, Defendant has no personal knowledge regarding the allegations contained therein and on that basis lacks knowledge or information sufficient to admit or deny the allegations.

24.    Answering the allegations of paragraph 24, Defendant admits that the handbook has a provision forbidding retaliation for complaints of harassment.  As to the remaining allegations, Defendant has no personal knowledge regarding these allegations contained therein and on that basis lacks knowledge or information sufficient to admit or deny the remaining allegations.

25.    Answering the allegations of paragraph 25, Defendant admits the employee handbook sets forth codes of conduct.

26.    Answering the allegations of paragraph 26, Defendant admits he used a camera to take pictures of employee award ceremonies and other work activities.  As to the remaining allegations, except as expressly admitted, Defendant denies the remaining factual allegations in paragraph 26.

27.     Answering the allegations of paragraph 27, Defendant denies the allegations therein.

28.     Answering the allegations of paragraph 28, Defendant admits the allegations therein.

29.     Answering the allegations of paragraph 29, Defendant has no personal knowledge regarding the allegations contained therein and on that basis lacks knowledge or information sufficient to admit or deny the allegations.

30.     Answering the allegations of paragraph 30, Defendant has no personal knowledge regarding the allegations contained therein and on that basis lacks knowledge or information sufficient to admit or deny the allegations.

31.     Answering the allegations of paragraph 31, Defendant denies that he was present when Mr. Gaines entered the Landscaping Shop.  Defendant is informed and believes that plaintiff confronted Ramon Oaxaca regarding his conduct of using a sponge to wipe his boots and Mr. Gomez was present at the time.  Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations, and on that basis, Defendant denies each and every remaining allegation of the paragraph.

32.     Answering the allegations of paragraph 32, Defendant is informed and believes that Mr. Oaxaca communicated to plaintiff that his conduct was proper.  Defendant denies that he "shrinked" [sic] from his responsibilities by running out of the Landscaping Shop without intervention.  Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations, and on that basis, Defendant denies each and every remaining allegation of the paragraph.

33.     Answering the allegations of paragraph 33, Defendant admits that Mr. Oaxaca has been counseled regarding hygiene.  Defendant denies each and every remaining allegation of the paragraph.

34.     Answering the allegations of paragraph 34, Defendant lacks knowledge or information sufficient to admit or deny such allegations, and on that basis, Defendant denies each and every factual allegation of the paragraph.

35.     Answering the allegations of paragraph 35, Defendant lacks knowledge or information sufficient to admit or deny such allegations, and on that basis, Defendant denies each and every factual allegation of the paragraph.

36.     Answering the allegations of paragraph 36, Defendant lacks knowledge or information

1  sufficient to admit or deny such allegations, and on that basis, Defendant denies each and every

2  Factual allegation of the paragraph.

3      37.    Answering the allegations of paragraph 37, Defendant admits the Landscapers work

4  with insecticides, pesticides and fertilizers.  As to the remaining allegations, Defendant has no

5  personal knowledge regarding these allegations contained therein and on that basis lacks knowledge or

6  information sufficient to admit or deny the remaining allegations.

7      38.    Answering the allegations of paragraph 38, Defendant admits that he advised

8  Mr. Gaines that a meeting would be held on October 2, 2007 regarding Mr. Oaxaca's alleged

9  misconduct.  Defendant lacks knowledge or information sufficient to admit or deny the remaining

10  allegations, and on that basis, Defendant denies each and every remaining allegation of the paragraph.

11      39.    Answering the allegations of paragraph 39, Defendant admits that plaintiff,

12  Ms. Eufracio, Mr. Oaxaca, and Defendant met on October 2, 2007 to discuss Mr. Gaines complaint

13  about Mr. Oaxaca.  Defendant denies that Mr. Barrios was present at the first meeting.  Defendant

14  lacks knowledge or information sufficient to admit or deny the remaining allegations, and on that

15  basis, Defendant denies each and every remaining allegation of the paragraph.

16      40.    Answering the allegations of paragraph 40, Defendant admits Defendant and

17  Ms. Eufracio (both of whom are Hispanic) initially handled Mr. Gaines' complaint about Mr. Oaxaca.

18  Defendant denies that he did not have power to impose discipline upon Mr. Oaxaca.  Defendant lacks

19  knowledge or information sufficient to admit or deny the remaining allegations, and on that basis,

20  Defendant denies each and every remaining allegation of the paragraph.

21      41.    Answering the allegations of paragraph 41, Defendant lacks knowledge or information

22  sufficient to admit or deny such allegations, and on that basis, Defendant denies each and every

23  factual allegation of the paragraph.

24      42.    Answering the allegations of paragraph 42, Defendant lacks knowledge or information

25  sufficient to admit or deny such allegations, and on that basis, Defendant denies each and every

26  factual allegation of the paragraph.

27      43.    Answering the allegations of paragraph 43, Defendant admits that a meeting took place

28  the morning of October 2, 2007 and that the subject of the meeting was Mr. Gaines' complaint about

Mr. Oaxaca.  Present at the meeting were Defendant, Ms. Eufracio, Mr. Oaxaca, and plaintiff.

Defendant denies that that the meeting took place in the Housekeeping Department. Defendant is informed and believes that Mr. Gaines expressed that he believed Mr. Oaxaca's conduct was an affront to the Housekeeping Department, was outrageous for the guests of the hotel, and represented a disregard for plaintiff.  Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations, and on that basis, Defendant denies each and every remaining allegation of the paragraph.

44.     Answering the allegations of paragraph 44, Defendant admits he and Ms. Eufracio expressed that they believed Mr. Oaxaca's conduct amounted to bad judgment, but did not believe it was deliberately done to cause harm, and that Mr. Gaines disagreed that the conduct should be so characterized.  Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations, and on that basis, Defendant denies each and every remaining allegation of the paragraph.

45.     Answering the allegations of paragraph 45, Defendant admits that plaintiff was asked what should happen to Mr. Oaxaca and plaintiff responded that Mr. Oaxaca should be terminated.

46.     Answering the allegations of paragraph 46, Defendant admits that he and Ms. Eufracio informed plaintiff that they did not believe Mr. Oaxaca should be terminated because they did not believe Mr. Oaxaca intentionally used the sponge and that they believed Mr. Oaxaca simply did not know better.  Defendant admits that plaintiff did not agree with his and Ms. Eufracio's position on the matter.  As to the remaining allegations of paragraph 46, Defendant denies the remaining allegations contained therein.

47.     Answering the allegations of paragraph 47, Defendant admits that he informed Mr. Barrios about the meeting and that plaintiff was upset about the results of the meeting.  As to the remaining allegations of paragraph 47, Defendant denies the remaining allegations contained therein.

48.     Answering the allegations of paragraph 48, Defendant admits that Mr. Oaxaca helped him around his house a few times.  As to the remaining allegations of paragraph 48, Defendant denies the remaining allegations contained therein.

49.     Answering the allegations of paragraph 49, Defendant admits that on the afternoon of October 2, 2007 a meeting was held in Mr. Barrios' office with Mr. Barrios, Defendant, Ms. Eufracio,

Mr. Snee and plaintiff in attendance. As to the remaining allegations, Defendant has no personal knowledge regarding these allegations contained therein and on that basis lacks knowledge or information sufficient to admit or deny the remaining allegations.

50. Answering the allegations of paragraph 50, Defendant admits that plaintiff stated that he believed Mr. Oaxaca's conduct warranted disciplinary action and that plaintiff believed Mr. Oaxaca ignored his verbal warnings. Defendant denies that plaintiff expressed displeasure with the Spanish preferential treatment allegedly exhibited by Ms. Eufracio and Defendant towards Mr. Oaxaca's alleged misconduct. Defendant denies all remaining allegations.

51. Answering the allegations of paragraph 51, Defendant admits that Mr. Barrios concluded that Mr. Oaxaca's conduct warranted disciplinary action and suspended Mr. Oaxaca for five days without pay. Defendant further admits that Mr. Oaxaca was called into the meeting and informed of the disciplinary action. As to the remaining allegations of paragraph 51, Defendant denies the remaining allegations therein.

52. Answering the allegations of paragraph 52, Defendant admits that, in response to plaintiff's statement that he didn't want anything to come in between his working relationship with Defendant, Mr. Barrios asked Defendant if it would be a problem and he responded that it would not be. With regard to the remaining allegations of paragraph 52, Defendant denies each and every remaining allegation therein.

53. Answering the allegations of paragraph 53, Defendant admits that he retired from his prior employment and that Mr. Barrios interviewed him for the job at Best Western Hacienda Hotel. As to the remaining allegations of paragraph 53, Defendant denies each and every allegation therein.

54. Answering the allegations of paragraph 54, Defendant admits that, in response to plaintiff's statement that he didn't want anything to come in between his working relationship with Defendant, Mr. Barrios asked Defendant if it would be a problem and he responded that it would not be. Defendant admits the meeting ended soon after this point. With regard to the remaining allegations of paragraph 54, Defendant denies each and every remaining allegation therein.

55. Answering the allegations of paragraph 55, Defendant lacks knowledge or information sufficient to admit or deny such allegations, and on that basis, Defendant denies each and every

Case No. 08 CV 00907 DMS AJB
DEFENDANT RODRIGO GARCIA'S ANSWER TO
PLAINTIFF'S CIVIL COMPLAINT

1    factual allegation of the paragraph.

2       56.  Answering the allegations of paragraph 56, Defendant lacks knowledge or information

3    sufficient to admit or deny such allegations, and on that basis, Defendant denies each and every

4    factual allegation of the paragraph.

5       57.  Answering the allegations of paragraph 57, Defendant lacks knowledge or information

6    sufficient to admit or deny such allegations, and on that basis, Defendant denies each and every

7    factual allegation of the paragraph.

8       58.  Answering the allegations of paragraph 58, Defendant lacks knowledge or information

9    sufficient to admit or deny such allegations, and on that basis, Defendant denies each and every

10    factual allegation of the paragraph.

11       59.  Answering the allegations of paragraph 59, Defendant lacks knowledge or information

12    sufficient to admit or deny such allegations, and on that basis, Defendant denies each and every

13    factual allegation of the paragraph.

14       60.  Answering the allegations of paragraph 60, Defendant lacks knowledge or information

15    sufficient to admit or deny such allegations, and on that basis, Defendant denies each and every

16    factual allegation of the paragraph.

17       61.  Answering the allegations of paragraph 61, Defendant lacks knowledge or information

18    sufficient to admit or deny such allegations, and on that basis, Defendant denies each and every

19    factual allegation of the paragraph.

20       62.  Answering the allegations of paragraph 62, Defendant admits that he did not shake

21    hands with plaintiff for about a week after the incident.  Defendant denies all remaining allegations.

22       63.  Answering the allegations of paragraph 63, Defendant admits he may have expressed

23    the fact that he did not believe Mr. Oaxaca should have received a five day suspension without pay.

24    Defendant denies all remaining allegations.

25       64.  Answering the allegations of paragraph 64, Defendant has no personal knowledge

26    regarding the allegations contained therein and on that basis lacks knowledge or information sufficient

27    to admit or deny the allegations.

28       65.  Answering the allegations of paragraph 65, Defendant denies the allegations therein.

66.    Answering the allegations of paragraph 66, Defendant lacks knowledge or information sufficient to admit or deny such allegations, and on that basis, Defendant denies each and every factual allegation of the paragraph.

67.    Answering the allegations of paragraph 67, Defendant denies each and every factual allegation of the paragraph.

68.    Answering the allegations of paragraph 68, Defendant admits there is a policy prohibiting unlawful discrimination and harassment.  Defendant denies all remaining allegations.

69.    Answering the allegations of paragraph 69, Defendant admits the allegations therein.

70.    Answering the allegations of paragraph 70, Defendant has no personal knowledge regarding the allegations contained therein and on that basis lacks knowledge or information sufficient to admit or deny the allegations.

71.    Answering the allegations of paragraph 71, Defendant has no personal knowledge regarding the allegations contained therein and on that basis lacks knowledge or information sufficient to admit or deny the allegations.

72.    Answering the allegations of paragraph 72, Defendant has no personal knowledge regarding the allegations contained therein and on that basis lacks knowledge or information sufficient to admit or deny the allegations.

73.    Answering the allegations of paragraph 73, Defendant admits the allegations therein.

74.    Answering the allegations of paragraph 74, Defendant has no personal knowledge regarding the allegations contained therein and on that basis lacks knowledge or information sufficient to admit or deny the allegations.

75.    Answering the allegations of paragraph 75, Defendant has no personal knowledge regarding the allegations contained therein and on that basis lacks knowledge or information sufficient to admit or deny the allegations.

76.    Answering the allegations of paragraph 76, Defendant has no personal knowledge regarding the allegations contained therein and on that basis lacks knowledge or information sufficient to admit or deny the allegations.

77.    Answering the allegations of paragraph 77, Defendant admits the allegations therein.

78.     Answering the allegations of paragraph 78, Defendant has no personal knowledge regarding the allegations contained therein and on that basis lacks knowledge or information sufficient to admit or deny the allegations.

79.     Answering the allegations of paragraph 79, Defendant admits he radioed plaintiff and told him to go see Mr. Snee.

80.     Answering the allegations of paragraph 80, Defendant has no personal knowledge regarding the allegations contained therein and on that basis lacks knowledge or information sufficient to admit or deny the allegations.

81.     Answering the allegations of paragraph 81, Defendant has no personal knowledge regarding the allegations contained therein and on that basis lacks knowledge or information sufficient to admit or deny the allegations.

82.     Answering the allegations of paragraph 82, Defendant has no personal knowledge regarding the allegations contained therein and on that basis lacks knowledge or information sufficient to admit or deny the allegations.

83.     Answering the allegations of paragraph 83, Defendant has no personal knowledge regarding the allegations contained therein and on that basis lacks knowledge or information sufficient to admit or deny the allegations.

84.     Answering the allegations of paragraph 84, Defendant has no personal knowledge regarding the allegations contained therein and on that basis lacks knowledge or information sufficient to admit or deny the allegations.

85.     Answering the allegations of paragraph 85, Defendant has no personal knowledge regarding the allegations contained therein and on that basis lacks knowledge or information sufficient to admit or deny the allegations.

86.     Answering the allegations of paragraph 86, Defendant has no personal knowledge regarding the allegations contained therein and on that basis lacks knowledge or information sufficient to admit or deny the allegations.

87.     Answering the allegations of paragraph 87, Defendant has no personal knowledge regarding the allegations contained therein and on that basis lacks knowledge or information sufficient

to admit or deny the allegations.

88.     Answering the allegations of paragraph 88, Defendant admits that he discovered plaintiff's criminal background and reported it to Mr. Snee.   As to the remaining allegations, Defendant has no personal knowledge regarding these allegations contained therein and on that basis lacks knowledge or information sufficient to admit or deny the remaining allegations.

89.     Answering the allegations of paragraph 89, Defendant has no personal knowledge regarding the allegations contained therein and on that basis lacks knowledge or information sufficient to admit or deny the allegations.

90.     Answering the allegations of paragraph 90, Defendant denies the allegations therein.

91.     Answering the allegations of paragraph 91, Defendant denies the allegations therein.

92.     Answering the allegations of paragraph 92, Defendant has no personal knowledge regarding the allegations contained therein and on that basis lacks knowledge or information sufficient to admit or deny the allegations.

93.     Answering the allegations of paragraph 93, Defendant denies that he engaged in any of the conduct attributed to him.   As to the remaining allegations, Defendant has no personal knowledge regarding these allegations contained therein and on that basis lacks knowledge or information sufficient to admit or deny the remaining allegations.

94.     Answering the allegations of paragraph 94, Defendant has no personal knowledge regarding the allegations contained therein and on that basis lacks knowledge or information sufficient to admit or deny the allegations.

95.     Answering the allegations of paragraph 95, Defendant has no personal knowledge regarding the allegations contained therein and on that basis lacks knowledge or information sufficient to admit or deny the allegations.

96.     Answering the allegations of paragraph 96, Defendant is unsure what plaintiff is referring to by the statement "what Rodrigo Garcia was doing." Nonetheless, Defendant is unable to admit or deny legal allegations or conclusions of law regarding plaintiffs claims, as said allegations are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure.  Defendant denies each and every factual allegation of the paragraph.

97.    Answering the allegations of paragraph 97, Defendant is unable to admit or deny legal allegations or conclusions of law regarding plaintiffs claims, as said allegations are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure.  Defendant lacks knowledge or information sufficient to admit or deny such allegations, and on that basis, Defendant denies each and every factual allegation of the paragraph.

98.    Answering the allegations of paragraph 98, Defendant is unable to admit or deny legal allegations or conclusions of law regarding plaintiffs claims, as said allegations are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure.  Defendant lacks knowledge or information sufficient to admit or deny such allegations, and on that basis, Defendant denies each and every factual allegation of the paragraph.

99.    Answering the allegations of paragraph 99, Defendant admits that on October 29, 2007, he was working with plaintiff near the 600 building.

100.    Answering the allegations of paragraph 100, Defendant admits he was paged to Mr. Snee's office.  As to the remaining allegations except as expressly admitted Defendant lacks knowledge or information sufficient to admit or deny such allegations.

101.    Answering the allegations of paragraph 101, Defendant has no personal knowledge regarding the allegations contained therein and on that basis lacks knowledge or information sufficient to admit or deny the allegations.

102.    Answering the allegations of paragraph 102, Defendant has no personal knowledge regarding the allegations contained therein and on that basis lacks knowledge or information sufficient to admit or deny the allegations.

103.    Answering the allegations of paragraph 103, Defendant has no personal knowledge regarding the allegations contained therein and on that basis lacks knowledge or information sufficient to admit or deny the allegations.

104.    Answering the allegations of paragraph 104, Defendant has no personal knowledge regarding the allegations contained therein and on that basis lacks knowledge or information sufficient to admit or deny the allegations.

105.    Answering the allegations of paragraph 105, Defendant admits the allegations therein.

106.    Answering the allegations of paragraph 106, Defendant admits that a portion of the grievance process involves filing a written complaint with the General Manager which then may be appealed to the corporate office.

107.    Answering the allegations of paragraph 107, Defendant has no personal knowledge regarding the allegations contained therein and on that basis lacks knowledge or information sufficient to admit or deny the allegations.

108.    Answering the allegations of paragraph 108, Defendant denies the allegations therein.

109.    Answering the allegations of paragraph 109, Defendant has no personal knowledge regarding the allegations contained therein and on that basis lacks knowledge or information sufficient to admit or deny the allegations.

110.    Answering the allegations of paragraph 110, Defendant admits that on October 29, 2007, around lunchtime, plaintiff gathered his belongings and clocked out.  As to the remaining allegations, Defendant has no personal knowledge regarding these allegations contained therein and on that basis lacks knowledge or information sufficient to admit or deny the remaining allegations.

111.    Answering the allegations of paragraph 111, Defendant has no personal knowledge regarding the allegations contained therein and on that basis lacks knowledge or information sufficient to admit or deny the allegations.

112.    Answering the allegations of paragraph 112, Defendant admits the allegations therein.

113.    Answering the allegations of paragraph 113, Defendant denies that plaintiff was not absent from work for three consecutive days and denies that plaintiff was subjected to racist behavior acts and discrimination.  As to the remaining allegations, Defendant has no personal knowledge regarding these allegations contained therein and on that basis lacks knowledge or information sufficient to admit or deny the remaining allegations.

114.    Answering the allegations of paragraph 114, Defendant has no personal knowledge regarding the allegations contained therein and on that basis lacks knowledge or information sufficient to admit or deny the allegations.

115.    Answering the allegations of paragraph 115, Defendant has no personal knowledge regarding the allegations contained therein and on that basis lacks knowledge or information sufficient

14

1    to admit or deny the allegations.

2        116.    Answering the allegations of paragraph 116, Defendant has no personal knowledge

3    regarding the allegations contained therein and on that basis lacks knowledge or information sufficient

4    to admit or deny the allegations.

5        117.    Answering the allegations of paragraph 117, Defendant admits that on October 31,

6    2007, plaintiff returned to the hotel and handed him a Spanish language book, in the presence of

7    Mr. Brownen, before proceeding into the hotel.  Defendant denies he made a gun pointing gesture at

8    plaintiff.  As to the remaining allegations, Defendant has no personal knowledge regarding these

9    allegations contained therein and on that basis lacks knowledge or information sufficient to admit or

10   deny the remaining allegations.

11       118.    Answering the allegations of paragraph 118, Defendant denies each and every factual

12   allegation of the paragraph.

13       119.    Answering the allegations of paragraph 119, Defendant has no personal knowledge

14   regarding the allegations contained therein and on that basis lacks knowledge or information sufficient

15   to admit or deny the allegations.

16       120.    Answering the allegations of paragraph 120, Defendant has no personal knowledge

17   regarding the allegations contained therein and on that basis lacks knowledge or information sufficient

18   to admit or deny the allegations.

19       121.    Answering the allegations of paragraph 121, Defendant has no personal knowledge

20   regarding the allegations contained therein and on that basis lacks knowledge or information sufficient

21   to admit or deny the allegations.

22       122.    Answering the allegations of paragraph 122, Defendant has no personal knowledge

23   regarding the allegations contained therein and on that basis lacks knowledge or information sufficient

24   to admit or deny the allegations.

25       123.    Answering the allegations of paragraph 123, Defendant has no personal knowledge

26   regarding the allegations contained therein and on that basis lacks knowledge or information sufficient

27   to admit or deny the allegations.

28       124.    Answering the allegations of paragraph 124, Defendant denies he retaliated against

Plaintiff. As to the remaining allegations, Defendant has no personal knowledge regarding these allegations contained therein and on that basis lacks knowledge or information sufficient to admit or deny the remaining allegations.

125.    Answering the allegations of paragraph 125, Defendant has no personal knowledge regarding the allegations contained therein and on that basis lacks knowledge or information sufficient to admit or deny the allegations.

126.    Answering the allegations of paragraph 126, Defendant has no personal knowledge regarding the allegations contained therein and on that basis lacks knowledge or information sufficient to admit or deny the allegations.

127.    Answering the allegations of paragraph 127, Defendant has no personal knowledge regarding the allegations contained therein and on that basis lacks knowledge or information sufficient to admit or deny the allegations.

128.    Answering the allegations of paragraph 128, Defendant has no personal knowledge regarding the allegations contained therein and on that basis lacks knowledge or information sufficient to admit or deny the allegations.

129.    Answering the allegations of paragraph 129, Defendant has no personal knowledge regarding the allegations contained therein and on that basis lacks knowledge or information sufficient to admit or deny the allegations.

130.    Answering the allegations of paragraph 130, Defendant has no personal knowledge regarding the allegations contained therein and on that basis lacks knowledge or information sufficient to admit or deny the allegations.

131.    Answering the allegations of paragraph 131, Defendant is unable to admit or deny legal allegations or conclusions of law regarding plaintiffs claims, as said allegations are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure. Defendant denies each and every factual allegation of the paragraph.

132.    Answering the allegations of paragraph 132, Defendant is unable to admit or deny legal allegations or conclusions of law regarding plaintiffs claims, as said allegations are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure. Defendant

1  denies each and every factual allegation of the paragraph.

2      133.    Answering the allegations of paragraph 133, Defendant lacks knowledge or

3  information sufficient to admit or deny such allegations, and on that basis, Defendant denies each and

4  every factual allegation of the paragraph.

5      134.    Answering the allegations of paragraph 134, Defendant has no personal knowledge

6  regarding the allegations contained therein and on that basis lacks knowledge or information sufficient

7  to admit or deny the allegations.

8      135.    Answering the allegations of paragraph 135, Defendant has no personal knowledge

9  regarding the allegations contained therein and on that basis lacks knowledge or information sufficient

10 to admit or deny the allegations.

11     136.    Answering the allegations of paragraph 136, Defendant has no personal knowledge

12 regarding the allegations contained therein and on that basis lacks knowledge or information sufficient

13 to admit or deny the allegations.

14     137.    Answering the allegations of paragraph 137, Defendant has no personal knowledge

15 regarding the allegations contained therein and on that basis lacks knowledge or information sufficient

16 to admit or deny the allegations.

17     138.    Answering the allegations of paragraph 138, Defendant has no personal knowledge

18 regarding the allegations contained therein and on that basis lacks knowledge or information sufficient

19 to admit or deny the allegations.

20     139.    Answering the allegations of paragraph 139, Defendant has no personal knowledge

21 regarding the allegations contained therein and on that basis lacks knowledge or information sufficient

22 to admit or deny the allegations.

23     140.    Answering the allegations of paragraph 140, Defendant has no personal knowledge

24 regarding the allegations contained therein and on that basis lacks knowledge or information sufficient

25 to admit or deny the allegations.

26     141.    Answering the allegations of paragraph 141, Defendant has no personal knowledge

27 regarding the allegations contained therein and on that basis lacks knowledge or information sufficient

28 to admit or deny the allegations.

142.     Answering the allegations of paragraph 142, Defendant has no personal knowledge regarding the allegations contained therein and on that basis lacks knowledge or information sufficient to admit or deny the allegations.

143.     Answering the allegations of paragraph 143, Defendant has no personal knowledge regarding the allegations contained therein and on that basis lacks knowledge or information sufficient to admit or deny the allegations.

144.     Answering the allegations of paragraph 144, Defendant has no personal knowledge regarding the allegations contained therein and on that basis lacks knowledge or information sufficient to admit or deny the allegations.

145.     Answering the allegations of paragraph 145, Defendant has no personal knowledge regarding the allegations contained therein and on that basis lacks knowledge or information sufficient to admit or deny the allegations.

146.     Answering the allegations of paragraph 146, Defendant has no personal knowledge regarding the allegations contained therein and on that basis lacks knowledge or information sufficient to admit or deny the allegations.

147.     Answering the allegations of paragraph 147, Defendant denies Plaintiff was subjected to the actions claimed.  As to the remaining allegations, Defendant has no personal knowledge regarding these allegations contained therein and on that basis lacks knowledge or information sufficient to admit or deny the remaining allegations.

148.     Answering the allegations of paragraph 148, Defendant has no personal knowledge regarding the allegations contained therein and on that basis lacks knowledge or information sufficient to admit or deny the allegations.

149.     Answering the allegations of paragraph 149, Defendant has no personal knowledge regarding the allegations contained therein and on that basis lacks knowledge or information sufficient to admit or deny the allegations.

150.     Answering the allegations of paragraph 150, Defendant has no personal knowledge regarding the allegations contained therein and on that basis lacks knowledge or information sufficient to admit or deny the allegations.

151.    Answering the allegations of paragraph 151, Defendant admits the allegations therein.

152.    Answering the allegations of paragraph 152, Defendant denies he made the hand gesture, but admits the allegation was the basis of plaintiff's attempt to obtain a restraining order.

153.    Answering the allegations of paragraph 153, Defendant admits the allegations therein.

154.    Answering the allegations of paragraph 154, Defendant admits the allegations therein.

155.    Answering the allegations of paragraph 155, Defendant has no personal knowledge regarding the allegations contained therein and on that basis lacks knowledge or information sufficient to admit or deny the allegations.

156.    Answering the allegations of paragraph 156, Defendant has no personal knowledge regarding the allegations contained therein and on that basis lacks knowledge or information sufficient to admit or deny the allegations.

157.    Answering the allegations of paragraph 157, Defendant has no personal knowledge regarding the allegations contained therein and on that basis lacks knowledge or information sufficient to admit or deny the allegations.

158.    Answering the allegations of paragraph 158, Defendant has no personal knowledge regarding the allegations contained therein and on that basis lacks knowledge or information sufficient to admit or deny the allegations.

159.    Answering the allegations of paragraph 159, Defendant has no personal knowledge regarding the allegations contained therein and on that basis lacks knowledge or information sufficient to admit or deny the allegations.

160.    Answering the allegations of paragraph 160, Defendant has no personal knowledge regarding the allegations contained therein and on that basis lacks knowledge or information sufficient to admit or deny the allegations.

161.    Answering the allegations of paragraph 161, Defendant has no personal knowledge regarding the allegations contained therein and on that basis lacks knowledge or information sufficient to admit or deny the allegations.

162.    Answering the allegations of paragraph 162, Defendant has no personal knowledge regarding the allegations contained therein and on that basis lacks knowledge or information sufficient

1 | to admit or deny the allegations.

2 | 163. Answering the allegations of paragraph 163, Defendant has no personal knowledge

3 | regarding the allegations contained therein and on that basis lacks knowledge or information sufficient

4 | to admit or deny the allegations.

5 | 164. Answering the allegations of paragraph 164, Defendant has no personal knowledge

6 | regarding the allegations contained therein and on that basis lacks knowledge or information sufficient

7 | to admit or deny the allegations.

8 | 165. Answering the allegations of paragraph 165, Defendant has no personal knowledge

9 | regarding the allegations contained therein and on that basis lacks knowledge or information sufficient

10 | to admit or deny the allegations.

11 | 166. Answering the allegations of paragraph 166, Defendant has no personal knowledge

12 | regarding the allegations contained therein and on that basis lacks knowledge or information sufficient

13 | to admit or deny the allegations.

14 | 167. Answering the allegations of paragraph 167, Defendant re-alleges and incorporates by

15 | reference its responses to paragraphs 1-166.

16 | 168. Answering the allegations of paragraph 168, Defendant denies each and every

17 | allegation of the paragraph.

18 | 169. Answering the allegations of paragraph 169, Defendant admits that plaintiff is suing

19 | defendants and seeking damages as claimed. Except as expressly admitted, Defendant denies that

20 | plaintiff suffered damages and denies the remaining factual allegations in paragraph 169.

21 | 170. Answering the allegations of paragraph 170, Defendant admits that plaintiff is suing

22 | defendants and seeking damages as claimed. Except as expressly admitted, Defendant denies that

23 | plaintiff suffered damages and denies the remaining factual allegations in paragraph 170.

24 | 171. Answering the allegations of paragraph 170, Defendant incorporates by reference its

25 | responses to paragraphs 1-170.

26 | 172. Answering the allegations of paragraph 172, Defendant denies each and every

27 | allegation of the paragraph.

28 | 173. Answering the allegations of paragraph 173, Defendant admits that plaintiff is suing

Case No. 08 CV 00907 DMS AJB
DEFENDANT RODRIGO GARCIA'S ANSWER TO
PLAINTIFF'S CIVIL COMPLAINT

1  defendants and seeking damages as claimed. Except as expressly admitted, Defendant denies that

2  plaintiff suffered damages and denies the remaining factual allegations in paragraph 173.

3       174.    Answering the allegations of paragraph 174, Defendant admits that plaintiff is suing

4  defendants and seeking damages as claimed. Except as expressly admitted, Defendant denies that

5  plaintiff suffered damages and denies the remaining factual allegations in paragraph 174.

6       175.    Answering the allegations of paragraph 175, Defendant re-alleges and incorporates by

7  reference its responses to paragraphs 1-174.

8       176.    Answering the allegations of paragraph 176, Defendant denies each and every

9  allegation of the paragraph 176.

10      177.    Answering the allegations of paragraph 177, Defendant admits that plaintiff is suing

11  defendants and seeking damages as claimed. Except as expressly admitted, Defendant denies that

12  plaintiff suffered damages and denies the remaining factual allegations in paragraph 177.

13      178.    Answering the allegations of paragraph 178, Defendant admits that plaintiff is suing

14  defendants and seeking damages as claimed. Except as expressly admitted, Defendant denies that

15  plaintiff suffered damages and denies the remaining factual allegations in paragraph 178.

16      179.    Answering the allegations of paragraph 179, Defendant incorporates by reference its

17  responses to Paragraph 1-178.

18      180.    Answering the allegations of paragraph 180, Defendant denies each and every

19  allegation of the paragraph 180.

20      181.    Answering the allegations of paragraph 181, Defendant admits that plaintiff is suing

21  defendants and seeking damages as claimed. Except as expressly admitted, Defendant denies that

22  plaintiff suffered damages and denies the remaining factual allegations in paragraph 181.

23      182.    Answering the allegations of paragraph 182, Defendant admits that plaintiff is suing

24  defendants and seeking damages as claimed. Except as expressly admitted, Defendant denies that

25  plaintiff suffered damages and denies the remaining factual allegations in paragraph 182.

26      183.    Answering the allegations of paragraph 183, Defendant re-alleges and incorporates by

27  reference its responses to paragraphs 1-182.

28      184.    Answering the allegations of paragraph 184, Defendant denies each and every

Case No. 08 CV 00907 DMS AJB
DEFENDANT RODRIGO GARCIA'S ANSWER TO
PLAINTIFF'S CIVIL COMPLAINT

1    allegation of the paragraph 184.

2         185.    Answering the allegations of paragraph 185, Defendant admits that plaintiff is suing

3    defendants and seeking damages as claimed.  Except as expressly admitted, Defendant denies that

4    plaintiff suffered damages and denies the remaining factual allegations in paragraph 185.

5         186.    Answering the allegations of paragraph 186, Defendant admits that plaintiff is suing

6    defendants and seeking damages as claimed.  Except as expressly admitted, Defendant denies that

7    plaintiff suffered damages and denies the remaining factual allegations in paragraph 186.

8         187.    Answering the allegations of paragraph 183, Defendant re-alleges and incorporates by

9    reference its responses to paragraphs 1-182.

10        188.    Answering the allegations of paragraph 188, Defendant denies each and every

11   allegation of the paragraph 188.

12        189.    Answering the allegations of paragraph 189, Defendant admits that plaintiff is suing

13   defendants and seeking damages as claimed.  Except as expressly admitted, Defendant denies that

14   plaintiff suffered damages and denies the remaining factual allegations in paragraph 189.

15        190.    Answering the allegations of paragraph 190, Defendant admits that plaintiff is suing

16   defendants and seeking damages as claimed.  Except as expressly admitted, Defendant denies that

17   plaintiff suffered damages and denies the remaining factual allegations in paragraph 190.

18        191.    Answering the allegations of paragraph 191, Defendant re-alleges and incorporates by

19   reference its responses to paragraphs 1-190.

20        192.    Answering the allegations of paragraph 192, Defendant denies each and every

21   allegation of the paragraph 192.

22        193.    Answering the allegations of paragraph 193, Defendant admits that plaintiff is suing

23   defendants and seeking damages as claimed.  Except as expressly admitted, Defendant denies that

24   plaintiff suffered damages and denies the remaining factual allegations in paragraph 193.

25        194.    Answering the~ allegations of paragraph 194, Defendant re-alleges and incorporates by

26   reference its responses to paragraphs 1-193.

27        195.    Answering the allegations of paragraph 195, Defendant denies each and every

28   allegation of the paragraph 195.

196.     Answering the allegations of paragraph 196, Defendant admits that plaintiff is suing defendants and seeking damages as claimed.  Except as expressly admitted, Defendant denies that plaintiff suffered damages and denies the remaining factual allegations in paragraph 196.

197.     Answering the allegations of paragraph 197, Defendant admits that plaintiff is suing defendants and seeking damages as claimed.  Except as expressly admitted, Defendant denies that plaintiff suffered damages and denies the remaining factual allegations in paragraph 197.

198.     Answering the allegations of paragraph 198, Defendant re-alleges and incorporates by reference its responses to paragraphs 1-197.

199.     Answering the allegations of paragraph 199, Defendant denies each and every allegation of the paragraph 199.

200.     Answering the allegations of paragraph 200, Defendant admits that plaintiff is suing defendants and seeking damages as claimed.  Except as expressly admitted, Defendant denies that plaintiff suffered damages and denies the remaining factual allegations in paragraph 200.

201.     Answering the allegations of paragraph 201, Defendant admits that plaintiff is suing defendants and seeking damages as claimed.  Except as expressly admitted, Defendant denies that plaintiff suffered damages and denies the remaining factual allegations in paragraph 201.

202.     Answering the allegations of paragraph 202, Defendant re-alleges and incorporates by reference its responses to paragraphs 1-201.

203.     Answering the allegations of paragraph 203, Defendant denies each and every allegation of the paragraph 203.

204.     Answering the allegations of paragraph 204, Defendant admits that plaintiff is suing defendants and seeking damages as claimed.  Except as expressly admitted, Defendant denies that plaintiff suffered damages and denies the remaining factual allegations in paragraph 204.

205.     Answering the allegations of paragraph 202, Defendant re-alleges and incorporates by reference its responses to paragraphs 1-204.

206.     Answering the allegations of paragraph 206, Defendant denies each and every allegation of the paragraph 206.

207.     Answering the allegations of paragraph 207, Defendant admits that plaintiff is suing

defendants and seeking damages as claimed.  Except as expressly admitted, Defendant denies that plaintiff suffered damages and denies the remaining factual allegations in paragraph 207.

208.    Answering the allegations of paragraph 208, Defendant re-alleges and incorporates by reference its responses to paragraphs 1-207.

209.    Answering the allegations of paragraph 209, Defendant denies each and every allegation of the paragraph 209.

210.    Answering the allegations of paragraph 210, Defendant admits that plaintiff is suing defendants and seeking damages as claimed.  Except as expressly admitted, Defendant denies that plaintiff suffered damages and denies the remaining factual allegations in paragraph 210.

211.    Answering the allegations of paragraph 211, Defendant re-alleges and incorporates by reference its responses to paragraphs 1-210.

212.    Answering the allegations of paragraph 212, Defendant denies each and every allegation of the paragraph 212.

213.    Answering the allegations of paragraph 213, Defendant admits that plaintiff is suing defendants and seeking damages as claimed.  Except as expressly admitted, Defendant denies that plaintiff suffered damages and denies the remaining factual allegations in paragraph 213.

214.    Answering the allegations of paragraph 214, Defendant re-alleges and incorporates by reference its responses to paragraphs 1-213.

215.    Answering the allegations of paragraph 215, Defendant denies each and every allegation of the paragraph 215.

216.    Answering the allegations of paragraph 216, Defendant admits that plaintiff is suing defendants and seeking damages as claimed.  Except as expressly admitted, Defendant denies that plaintiff suffered damages and denies the remaining factual allegations in paragraph 216.

217.    Answering the allegations of paragraph 217, Defendant re-alleges and incorporates by reference its responses to paragraphs 1-216.

218.    Answering the allegations of paragraph 218, Defendant denies each and every allegation of the paragraph 218.

219.    Answering the allegations of paragraph 219, Defendant admits that plaintiff is suing

1  defendants and seeking damages as claimed.  Except as expressly admitted, Defendant denies that

2  plaintiff suffered damages and denies the remaining factual allegations in paragraph 219.

3  ### WITHOUT WAIVING ANY OF THE FOREGOING, ANSWERING

4  ### DEFENDANT, FOR ITS AFFIRMATIVE DEFENSES TO THE

5  ### COMPLAINT, ALLEGES AS FOLLOWS:

6  The following separate affirmative defenses are asserted to the Complaint, and to each

7  purported claim therein brought against Defendant.  By pleading these affirmative defenses,

8  Defendant does not assume the burden of proving any fact, issue, or element of a cause of action

9  where such burden rests with plaintiff.  Moreover, nothing stated herein is intended or shall be

10 construed as an admission that any particular issue or subject matter is relevant to plaintiff's

11 allegations.

12 ### AFFIRMATIVE DEFENSES TO THE COMPLAINT AND
   ### EACH ALLEGED CAUSE OF ACTION THEREOF

13

14 As separate affirmative defenses to the Complaint, and to each purported cause of action

15 therein, Defendant alleges:

16 ### FIRST AFFIRMATIVE DEFENSE

17 **(Failure to State a Cause of Action)**

18 The Complaint fails to state facts sufficient to constitute a cause or causes of action against this

19 answering Defendant.

20 ### SECOND AFFIRMATIVE DEFENSE

21 **(Uncertainty)**

22 The Complaint is vague, uncertain, ambiguous and unintelligible.

23 ### THIRD AFFIRMATIVE DEFENSE

24 **(Failure to Identify Specific Statutory/Constitutional Provisions)**

25 Some or all of the claims for damages in the Complaint are barred in that plaintiff has failed to

26 identify, with the requisite degree of specificity, any statutory and/or constitutional provision which

27 has been expressly violated by any act of Defendant.

28 / / /

## FOURTH AFFIRMATIVE DEFENSE

### (Statutes of Limitation)

Defendant is informed and believes and thereon alleges that the Complaint, and each cause of action therein, is barred by each and every applicable statute of limitations, including, but not limited to, California Code of Civil Procedure sections 335.1, 338(a), 339(1), 340(a), 340(c), 343, California Government Code section 12960 and 12965(a) and (b), and 28 USC § 165 8(a).

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Commence Suit Timely)

Some or all of the claims for damages in the Complaint are barred in that plaintiff failed to timely file his claims after receiving notice from the Department of Fair Employment and Housing and/or the Equal Employment Opportunity Commission.

## SIXTH AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiff is estoped by his own conduct and omissions from asserting any claims, damages or seeking other relief from Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiff, by his actions and/or omissions, knowingly, voluntarily and willingly waived any rights he might otherwise have had against Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

### (Laches)

Some or all of the causes of actions in the Complaint are barred by the doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff has not been damaged.  However, to the extent plaintiff proves otherwise, plaintiff has failed to take adequate steps to minimize, alter, reduce or otherwise diminish his damages, if any, with respect to the matters alleged in the Complaint, and by reason of the foregoing, plaintiff is barred from the recovery of damages, or damages should be dismissed based on plaintiff's failure to mitigate.

1

## TENTH AFFIRMATIVE DEFENSE

2

### (Failure to Exhaust Administrative Remedies)

3       Some or all of the claims for damages in the Complaint are barred in that plaintiff failed to

4   timely or properly exhaust his administrative remedies, including without limiting, remedies under the

5   California Fair Employment Housing Act, Title VII of the Civil Rights Act of 1964, and/or the

6   California Labor Code.

7

## ELEVENTH AFFIRMATIVE DEFENSE

8

### (Exclusive Statutory Remedy)

9       Some or all of the claims for damages in the Complaint are barred in that plaintiff's exclusive

10   remedy is statutory under Government Code sections 12940 et seq., and there is no common law

11   remedy or other statutory remedy available to plaintiff.

12

## TWELFTH AFFIRMATIVE DEFENSE

13

### (Workers' Compensation Preemption)

14       Some or all of the claims for damages in the Complaint are barred by the provisions of the

15   California Labor Code sections 3200 et seq., the Workers' Compensation laws, which provide

16   plaintiff's exclusive remedy.

17

## THIRTEENTH AFFIRMATIVE DEFENSE

18

### (Unclean Hands)

19       Defendant is informed and believes and thereon alleges that plaintiff, by his own conduct, acts,

20   and/or omissions, is barred by his unclean hands and shared fault from all legal and equitable relief

21   requested in the Complaint.

22

## FOURTEENTH AFFIRMATIVE DEFENSE

23

### (At Will Employment)

24       Some or all of the claims for damages in the Complaint are barred in that plaintiff's

25   employment relationship with defendant was for an unspecified period of time, and was at-will

26   pursuant to California Labor Code section 2922.

27   / / /

28   / / /

Case No. 08 CV 00907 DMS AJB
DEFENDANT RODRIGO GARCIA'S ANSWER TO
PLAINTIFF'S CIVIL COMPLAINT

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Comparative Fault)**

Plaintiff is barred, in whole or in part, by his own fault from any legal or equitable relief against Defendant.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Contributory Fault)**

The loss, if any, allegedly sustained by plaintiff was proximately caused or contributed to by the negligence, improper conduct or intervening acts of plaintiff.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Apportionment)**

Defendant is not legally responsible for any damages claimed by plaintiff. If, however, Defendant is found to be legally responsible, Defendant's legal responsibility is not the sole and proximate cause of any injury, and damages awarded to plaintiff, if any, should be apportioned according to the respective fault and legal responsibility of all parties, persons and entities, and/or the agents, servants and employees who contributed to and/or caused said incidents according to proof presented at the time of trial.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(No Discrimination or Retaliation)**

Some or all of the claims for damages in plaintiffs Complaint are barred in that Defendant's actions in connection with the matter alleged were done in a non-discriminatory and non-retaliatory manner.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Valid Business Purposes)**

Plaintiff's claims are barred for the reason that the alleged conduct of Defendant was at all times undertaken in the good faith exercise of a valid business purpose.

/ / /

/ / /

/ / /

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Managerial Privilege or Immunity)**

Some or all of the claims in the Complaint are barred by the doctrine of managerial privilege or immunity.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Conduct Privileged)**

Some or all of the claims for damages in the Complaint are barred in that Defendant's actions in connection with the matters alleged were done in good faith and based on its legitimate economic interest and within the course and scope of its authority and were, therefore, privileged.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Constitutional Privilege)**

Some or all of the claims for damages in the Complaint are barred because the statements and/or acts complained of are privileged under the constitution of the United States and the constitution of the State of California.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Conduct Justified)**

All decisions and actions regarding plaintiffs employment with Defendant were done in the exercise of proper managerial discretion, in good faith, and based on legitimate reasons.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Defendant's Full Performance)**

Defendant is informed and believes and thereon alleges that he has performed and fully discharged any and all obligations and legal duties to plaintiff pertinent to the matters alleged in plaintiff's Complaint.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(No Punitive/Exemplary Damages)**

Under the applicable law and the facts of this case, plaintiff is not entitled to punitive/exemplary damages. Moreover, punitive/exemplary damages such as those claimed by plaintiff are unconstitutional under the California Constitution and the United States Constitution.

1

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

2

### (Not Entitled to Attorneys' Fees)

3       The Complaint, and each cause of action contained therein, fails to allege any facts or any

4   legal theory sufficient to entitle plaintiff to recover attorneys' fees in this action.

5

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

6

### (Lack of Causation)

7       None of the acts, conduct and/or omissions attributed to defendant in the Complaint may be

8   regarded as the actual or proximate cause of any damages plaintiff seeks to recover.

9

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

10

### (Garcia Not Plaintiff's Employer)

11       Some or all of the claims for damages in the Complaint are barred because Defendant was not

12   plaintiff's employer.

13

## TWENTY-NINTH AFFIRMATIVE DEFENSE

14

### (No Conspiracy)

15       Some or all of plaintiff's claims fail in that some or all of the defendants who allegedly

16   conspired with Pacific Hospitality Group, Inc. were agents or employees of Pacific Hospitality Group,

17   Inc.

18

## THIRTIETH AFFIRMATIVE DEFENSE

19

### (Consent)

20       Plaintiff consented to and approved all or some of the acts and omissions about which plaintiff

21   now complains.  Accordingly, plaintiff is barred from pursuing this action.

22

## THIRTY-FIRST AFFIRMATIVE DEFENSE

23

### (Discharge)

24       Any purported obligation alleged in the Complaint which Defendant may have owed to

25   plaintiff has been discharged and extinguished.

26   / / /

27   / / /

28   / / /

Case No. 08 CV 00907 DMS AJB
DEFENDANT RODRIGO GARCIA'S ANSWER TO
PLAINTIFF'S CIVIL COMPLAINT

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

**(No Standing)**

Plaintiff lacks standing to bring some or all of his claims.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

**(No State Action)**

Plaintiff's claims are barred in whole or in part due to the fact Defendant is not a state actor.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

**(No Deception or Reliance)**

The claims of plaintiff are barred in whole or in part because there is no likelihood of actual deception, individual reliance, or actual damage and the y cannot be established as required pursuant to, among other authority, the California Supreme Court's decision in Mirkin v. Wasserman (1993) 5 Cal.4th 1082.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

**(Avoidable Consequences)**

The claims of plaintiff are barred because plaintiff unreasonably failed to use preventative and corrective measures available to him which would have prevented all or some of the harm plaintiff alleges.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

**(Reservation of Rights)**

Defendant currently has insufficient information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Defendant therefore reserves the right to assert additional affirmative defenses in the event that discovery indicates that they would be appropriate.

WHEREFORE, Defendant prays for judgment as follows:

1. That plaintiff take nothing by virtue of this action;

2. That any liability attributed to Defendant be limited in direct proportion to that percentage of fault actually attributable to Defendant;

3. For costs of suit incurred herein, including attorneys' fees;

1       4.     For an order of this Court denying all relief sought by plaintiff herein; and

2       5.     For such other and further relief as this Court may deem just and proper.

3   DATED:  July 28, 2008           LUCE, FORWARD, HAMILTON & SCRIPPS LLP

5                      By:  s/Liseanne R. Kelly

6                          WILLIAM T.  EARLEY
                            LISEANNE R.  KELLY

7                          Attorneys for Pacific Hospitality Group, Inc., Brian Harkins, Luis Barrios, Rodrigo Garcia, Robert Snee, Emy Eufracio, Greg Brownen, Fred Grand, and William McWethy

10  101108500.2

1   William T. Earley, State Bar No. 144877
    Liseanne R. Kelly, State Bar No. 211782
2   LUCE, FORWARD, HAMILTON & SCRIPPS LLP
    600 West Broadway, Suite 2600
3   San Diego, California 92101-3372
    Telephone No.: 619.236.1414
4   Fax No.: 619.232.8311

5   Attorneys for Pacific Hospitality Group, Inc., Brian Harkins, Luis Barrios, Rodrigo Garcia, Robert
    Snee, Emy Eufracio, Greg Brownen, Fred Grand, and William McWethy
6

7

8                           UNITED STATES DISTRICT COURT

9                         SOUTHERN DISTRICT OF CALIFORNIA

10                               SAN DIEGO DIVISION

11   DICKEY GAINES,                          Case No. 08 CV 00907 DMS AJB

12        Plaintiff,
                                             **PROOF OF SERVICE**
13   v.

14   PACIFIC HOSPITALITY GROUP INC.,         Complaint Filed:      May 22, 2008
     BEST WESTERN HACIENDA HOTEL,
15   BRIAN HARKINS, LUIS BARRIOS,
     RODRIGO GARCIA, ROBERT SNEE, EMY
16   EUFRACIO, GREG BROWNEN, FRED
     GRAND, WILLIAM McWETHY, JOHN
17   DOES,

18        Defendants.

19

20        I, Leisa Bitting, declare under penalty of perjury that I am over the age of eighteen years, that I

21   am not a party to the above-referenced action, and that I am employed in the State of California,

22   County of San Diego, where the within-mentioned service occurred. My business address is 600 West

23   Broadway, Suite 2600, San Diego, California 92101; telephone number (619) 236-1414; facsimile

24   number (619) 232-8311.

25        On July 28, 2008, I caused to be served the following document(s):

26        **1.     DEFENDANT PACIFIC HOSPITALITY GROUP INC.'S ANSWER TO
     PLAINTIFF'S CIVIL COMPLAINT AND JURY DEMAND;**
27
          **2.     DEFENDANT BRIAN HARKINS' ANSWER TO PLAINTIFF'S CIVIL
28   COMPLAINT AND JURY DEMAND;**

1        3.     DEFENDANT LUIS BARRIOS' ANSWER TO PLAINTIFF'S CIVIL COMPLAINT AND JURY DEMAND;

2

3        4.     DEFENDANT RODRIGO GARCIA'S ANSWER TO PLAINTIFF'S CIVIL COMPLAINT AND JURY DEMAND;

4        5.     DEFENDANT ROBERT SNEE'S ANSWER TO PLAINTIFF'S CIVIL COMPLAINT AND JURY DEMAND;

5

6        6.     DEFENDANT EMY EUFRACIO'S ANSWER TO PLAINTIFF'S CIVIL COMPLAINT AND JURY DEMAND;

7        7.     DEFENDANT GREG BROWNEN'S ANSWER TO PLAINTIFF'S CIVIL COMPLAINT AND JURY DEMAND;

8

9        8.     DEFENDANT FRED GRAND'S ANSWER TO PLAINTIFF'S CIVIL COMPLAINT AND JURY DEMAND;

10       9.     DEFENDANT WILLIAM MC WETHY'S ANSWER TO PLAINTIFF'S CIVIL COMPLAINT AND JURY DEMAND.

11

12   on the interested parties in this action by:

13   **Electronic Mail Notice List**

14       The following are those who are currently on this list to receive e-mail notices for this case.

15       (No electronic mail notice recipients).

16   **Manual Notice List**

17       The following is the list of attorneys who are **not** on the list to receive e-mail notices for this

18   case (who therefore require manual noticing).

19   Dickey Gaines                          Attorney Pro Se
     858 Beyer Way, Apt. K-2

20   San Diego, CA 92154
     Telephone: (619) 575-1079

21

22   _____    **(STATE):** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

23   XX    **(FEDERAL):** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

24

25       Executed at San Diego, California on July 28, 2008.

26

27                                 Leisa Bitting

28   101108946.1