1   William T. Earley, State Bar No. 144877
    Liseanne R. Kelly, State Bar No. 211782
2   LUCE, FORWARD, HAMILTON & SCRIPPS LLP
    600 West Broadway, Suite 2600
3   San Diego, California 92101-3372
    Telephone No.: 619.236.1414
4   Fax No.: 619.232.8311

5   Attorneys for Pacific Hospitality Group, Inc., Brian Harkins, Luis Barrios, Rodrigo Garcia, Robert
    Snee, Emy Eufracio, Greg Brownen, Fred Grand, and William McWethy
6

7

8                           UNITED STATES DISTRICT COURT

9                         SOUTHERN DISTRICT OF CALIFORNIA

10                                SAN DIEGO DIVISION

11  DICKEY GAINES,                          Case No. 08 CV 00907 DMS AJB

12          Plaintiff,                       **DEFENDANT PACIFIC HOSPITALITY
                                             GROUP INC.'S ANSWER TO
13  v.                                       PLAINTIFF'S CIVIL COMPLAINT AND
                                             JURY DEMAND**
14  PACIFIC HOSPITALITY GROUP INC.,
    BEST WESTERN HACIENDA HOTEL,            Complaint Filed:          May 22, 2008
15  BRIAN HARKINS, LUIS BARRIOS,
    RODRIGO GARCIA, ROBERT SNEE, EMY
16  EUFRACIO, GREG BROWNEN, FRED
    GRAND, WILLIAM McWETHY, JOHN
17  DOES,

18          Defendants.

19

20          Defendant Pacific Hospitality Group Inc. ("Defendant"), hereby responds to plaintiff's Civil

21  Complaint and Jury Demand filed in the United States District Court, Southern District of California,

22  San Diego Division.

23          1.      Answering the allegations of paragraph 1, Defendant is informed and believes that this

24  is an accurate description of the nature of plaintiff's lawsuit.

25          2.      Answering the allegations of paragraph 2, Defendant is informed and believes that the

26  Court has jurisdiction and venue is proper.

27          3.      Answering the allegations of paragraph 3, Defendant admits that plaintiff was

28  employed as a Landscaper in the Landscaping Department at the Best Western Hacienda Hotel,

4040 Harney Street, San Diego, California 92110 starting in July of 2005 until approximately November 2, 2007. Defendant also admits that plaintiff acted as a crew leader for the Landscaping Department and was 48 years old at the time he separated from employment. Defendant denies that plaintiff's last day of work was on October 31, 2007 and that plaintiff was driven from his employment. As to the remaining allegations, Defendant lacks knowledge or information sufficient to admit or deny such allegations, and on that basis, except as expressly admitted, Defendant denies the remaining factual allegations in paragraph 3.

4. Answering the allegations of paragraph 4, Defendant admits that Pacific Hospitality Group, Inc. is a California corporation located at 11250 El Camino Real, Suite 100, San Diego, California, duly incorporated on December 4, 2003, No. C2437645. Except as expressly admitted, Defendant denies the remaining factual allegations in paragraph 4.

5. Answering the allegations of paragraph 5, Defendant admits that Best Western Hacienda Hotel is located at 4040 Harney Street, San Diego, California 92110 and that the hotel is managed by Luis Barrios. Defendant denies that Best Western Hacienda Hotel is a subsidiary of Pacific Hospitality Group as Best Western Hacienda Hotel is not a legal entity. Defendant further denies the remaining factual allegations in paragraph 5.

6. Answering the allegations of paragraph 6, Defendant is unable to admit or deny legal allegations or conclusions of law regarding plaintiff's claims, as said allegations are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure. Defendant admits that Mr. Harkins is a white male. Defendant further admits that Mr. Harkins exercises independent authority and judgment over certain aspects of the corporation's busmess and is the designated and registered agent for service of process. As to the remaining allegations, except as expressly admitted, Defendant denies the remaining factual allegations.

7. Answering the allegations of paragraph 7, Defendant is unable to admit or deny legal allegations or conclusions of law regarding plaintiff's claims, as said allegations are not allegations of fact to which an admission or demal is required by the Federal Rules of Civil Procedure. Defendant admits that Mr. Barrios is Hispanic. Defendant further admits that Mr Barnos was the General Manager of the hotel and responsible for the overall day-to-day operations of the hotel. As to the

Case No. 08 CV 00907 DMS AJB
DEFENDANT PACIFIC HOSPITALITY GROUP INC'S
ANSWER TO PLAINTIFF'S CIVIL COMPLAINT

remaining allegations, except as expressly admitted, Defendant denies the remaining factual allegations.

8.    Answering the allegations of paragraph 8, Defendant admits that Rodrigo Garcia is a resident alien of the United States and is Hispanic.  Defendant further admits that Mr. Garcia resides in Chula Vista, California and is the Director of Landscaping at the Best Western Hacienda Hotel and that Mr. Garcia was the immediate supervisor of plaintiff and directed plaintiff's daily work activities. Defendant denies that Mr. Garcia appointed himself the Director of Landscaping and denies that he acted in violation of the law as alleged by plaintiff.  Defendant is informed and believes that plaintiff intends to sue Mr. Garcia in his individual and official capacity.  As to any remaining allegations, Defendant lacks knowledge or information sufficient to admit or deny such allegations.

9.    Answering the allegations of paragraph 9, Defendant is unable to admit or deny legal allegations or conclusions of law regarding plaintiff's claims, as said allegations are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure.  Defendant admits that Mr. Snee is a citizen of the United States and is a white male.  Defendant further admits that Mr. Snee is the Accounting Manager for the hotel and the acting General Maanger in Mr. Barrios' absence.  As to the remaining allegations, except as expressly admitted, Defendant denies the remaining factual allegations.

10.    Answering the allegations of paragraph 10, Defendant is unable to admit or deny legal allegations or conclusions of law regarding plaintiff's claims, as said allegations are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure.  Defendant admits Ms. Eufracio is Hispanic and U.S. citizen.  Defendant further admits that Ms. Eufracio is the Head of Housekeeping.  As to the remaining allegations, except as expressly admitted, Defendant denies the remaining factual allegations.

11.    Answering the allegations of paragraph 11, Defendant is unable to admit or deny legal allegations or conclusions of law regarding plaintiff's claims, as said allegations are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure.  Defendant admits that Mr. Brownen is a citizen of the United States and is a white male.  Defendant further admits that Mr. Brownen is employed as the Chief Engineer of the Engineering Department.  As to the

1  remaining allegations, except as expressly admitted, Defendant denies the remaining factual

2  allegations.

3        12.    Answering the allegations of paragraph 12, Defendant is unable to admit or deny legal

4  allegations or conclusions of law regarding plaintiff's claims, as said allegations are not allegations of

5  fact to which an admission or denial is required by the Federal Rules of Civil Procedure.  Defendant

6  admits that Fred Grand is the President of Pacific Hospitality Group, Inc.  Defendant further admits

7  that Mr. Grand exercises some decision-making authority over the Best Western Hacienda Hotel.  As

8  to the remaining allegations, except as expressly admitted, Defendant denies the remaining factual

9  allegations.

10       13.    Answering the allegations of paragraph 13, Defendant is unable to admit or deny legal

11  allegations or conclusions of law regarding plaintiff's claims, as said allegations are not allegations of

12  fact to which an admission or denial is required by the Federal Rules of Civil Procedure.  Defendant

13  admits that Mr. McWethy is a citizen of the United States and is a white male.  Defendant further

14  admits that Mr. McWethy has decision-making authority over hotel operations.  As to the remaining

15  allegations, except as expressly admitted, Defendant denies the remaining factual allegations.

16       14.    Answering the allegations of paragraph 14, Defendant is unable to admit or deny legal

17  allegations or conclusions of law regarding plaintiff's claims, as said allegations are not allegations of

18  fact to which an admission or denial is required by the Federal Rules of Civil Procedure.  With respect

19  to any factual allegations in paragraph 14, Defendant denies each and every allegation of said

20  paragraph.

21       15.    Answering the allegations of paragraph 15, Defendant is informed and believes that the

22  majority of the employees in Housekeeping, Landscaping and Engineering are Hispanic and therefore

23  admits plaintiff's allegation on that basis.

24       16.    Answering the allegations of paragraph 16, Defendant denies each allegation therein.

25       17.    Answering the allegations of paragraph 17, Defendant is informed and believes that

26  plaintiff was one of a few African American employees working at the hotel and admits plaintiff's

27  allegation on that basis.  Except as expressly admitted, Defendant denies each and every remaining

28  allegation.

Case No. 08 CV 00907 DMS AJB
DEFENDANT PACIFIC HOSPITALITY GROUP INC'S
ANSWER TO PLAINTIFF'S CIVIL COMPLAINT

18.     Answering the allegations of paragraph 18, Defendant admits that Ms. Eufracio is of Hispanic ancestry and is the Head of Housekeeping, and admits that Ms. Eufracio has not been retaliated against.  Defendant is informed and believes that Ms. Eufracio has likely dealt with misconduct of employees which led to termination, and on that basis admits the allegations.

19.     Answering the allegations of paragraph 19, Defendant admits that Mr. Brownen is Caucasian and is the Head of Engineering, and admits that Mr. Brownen has not been retaliated against.  Defendant is informed and believes that Mr. Brownen has likely dealt with misconduct of employees which led to termination, and on that basis admits the allegations.

20.     Answering the allegations of paragraph 20, Defendant denies each and every allegation of the paragraph.

21.     Answering the allegations of paragraph 21, Defendant lacks knowledge or information sufficient to admit or deny such allegations.

22.     Answering the allegations of paragraph 22, Defendant admits the allegations therein.

23.     Answering the allegations of paragraph 23, Defendant denies the allegations therein.

24.     Answering the allegations of paragraph 24, Defendant admits the allegations therein.

25.     Answering the allegations of paragraph 25, Defendant admits it has a standards of conduct policy in the Employee Handbook with similar language.

26.     Answering the allegations of paragraph 26, Defendant admits that Mr. Garcia used a camera to take pictures of employee award ceremonies.  As to the remaining allegations, except as expressly admitted, Defendant denies the remaining factual allegations in paragraph 26.

27.     Answering the allegations of paragraph 27, Defendant on information and belief denies the allegations contained therein.

28.     Answering the allegations of paragraph 28, Defendant admits the allegations therein.

29.     Answering the allegations of paragraph 29, Defendant admits the allegations contained therein except the allegation that the sponge is utilized to wash their personal utensils and the cups that are placed in the rooms for hotel guests.  Defendant is unsure exactly what the sponge was used for, but it was a housekeeping sponge.

30.     Answering the allegations of paragraph 30, Defendant denies that Mr. Oaxaca's

conduct was pathogenic.  On information and belief, Defendant admits the remaining allegations contained therein.

31.    Answering the allegations of paragraph 31, Defendant denies that Mr. Garcia was present when Mr. Gaines entered the Landscaping Shop.  Defendant admits that Mr. Gaines confronted Ramon Oaxaca regarding his conduct of using a sponge to wipe his boots and Mr. Gomez was present at the time.  Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations, and on that basis, Defendant denies each and every remaining allegation of the paragraph.

32.    Answering the allegations of paragraph 32, Defendant is informed and believes that Mr. Oaxaca communicated to Mr. Gaines that his conduct was proper.  Defendant denies that Mr. Garcia "shrinked" [sic] from his responsibilities by running out of the Landscaping Shop without intervention.  Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations, and on that basis, Defendant denies each and every remaining allegation of the paragraph.

33.    Answering the allegations of paragraph 33, Defendant admits that Mr. Oaxaca has been counseled regarding hygiene.  Defendant denies each and every remaining allegation of the paragraph.

34.    Answering the allegations of paragraph 34, Defendant denies each and every allegation of the paragraph.

35.    Answering the allegations of paragraph 35, Defendant denies each and every allegation of the paragraph.

36.    Answering the allegations of paragraph 36, Defendant admits that Mr. Gaines submitted a handwritten letter addressed to Mr. Barrios regarding the incident.  Defendant denies that the letter was one-page.

37.    Answering the allegations of paragraph 37, Defendant admits Mr. Oaxaca's work duties require him to walk outside on the grounds.  Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations, and on that basis, Defendant denies each and every remaining allegation of the paragraph.

38.    Answering the allegations of paragraph 38, Defendant admits that Mr. Garcia advised Mr. Gaines that a meeting would be held on October 2, 2007 regarding Mr. Oaxaca's alleged

misconduct. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations, and on that basis, Defendant denies each and every remaining allegation of the paragraph.

39.     Answering the allegations of paragraph 39, Defendant admits that plaintiff, Ms. Eufracio, Mr. Oaxaca, and Mr. Garcia met on October 2, 2007 to discuss Mr. Gaines complaint about Mr. Oaxaca. Defendant denies that Mr. Barrios was present at the first meeting and denies that the complaint was only one page in length. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations, and on that basis, Defendant denies each and every remaining allegation of the paragraph.

40.     Answering the allegations of paragraph 40, Defendant admits that Mr. Garcia and Ms. Eufracio (both of whom are Hispanic) initially handled Mr. Gaines' complaint about Mr. Oaxaca. Defendant denies that Mr. Garcia and Ms. Eufracio did not have power to impose discipline upon Mr. Oaxaca. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations, and on that basis, Defendant denies each and every remaining allegation of the paragraph.

41.     Answering the allegations of paragraph 41, Defendant admits the allegations therein.

42.     Answering the allegations of paragraph 42, Defendant lacks knowledge or information sufficient to admit or deny such allegations, and on that basis, Defendant denies each and every allegation of the paragraph.

43.     Answering the allegations of paragraph 43, Defendant admits that a meeting took place the morning of October 2, 2007 and that the subject of the meeting was Mr. Gaines' complaint about Mr. Oaxaca. Present at the meeting were Mr. Garcia, Ms. Eufracio, Mr. Oaxaca, and plaintiff. Defendant denies that that the meeting took place in the Housekeeping Department. Defendant is informed and believes that Mr. Gaines expressed that he believed Mr. Oaxaca's conduct was an affront to the Housekeeping Department, was outrageous for the guests of the hotel, and represented a disregard for plaintiff. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations, and on that basis, Defendant denies each and every remaining allegation of the paragraph.

44.     Answering the allegations of paragraph 44, Defendant admits Mr. Garcia and Ms. Eufracio expressed that they believed Mr. Oaxaca's conduct amounted to bad judgment, but did

1  not believe it was deliberately done to cause harm, and that Mr. Gaines disagreed that the conduct

2  should be so characterized.  Defendant lacks knowledge or information sufficient to admit or deny the

3  remaining allegations, and on that basis, Defendant denies each and every remaining allegation of the

4  paragraph.

5      45.    Answering the allegations of paragraph 45, Defendant is informed and believes that

6  plaintiff was asked what should happen to Mr. Oaxaca and plaintiff responded that Mr. Oaxaca should

7  be terminated.  Defendant denies all remaining allegations.

8      46.    Answering the allegations of paragraph 46, Defendant admits that Mr. Garcia and

9  Ms. Eufracio informed plaintiff that they did not believe Mr. Oaxaca should be terminated because

10  they did not believe Mr. Oaxaca intentionally used the sponge and that they believed Mr. Oaxaca

11  simply did not know better.  Defendant admits that plaintiff did not agree with Mr. Garcia and

12  Ms. Eufracio's position on the matter.  As to the remaining allegations of paragraph 46, Defendant

13  denies the remaining allegations contained therein.

14      47.    Answering the allegations of paragraph 47, Defendant admits on information and belief

15  that Mr. Garcia and/or Ms. Eufracio informed Mr. Barrios about the meeting and that plaintiff was

16  upset about the results of the meeting.  As to the remaining allegations of paragraph 47, Defendant

17  denies the remaining allegations contained therein.

18      48.    Answering the allegations of paragraph 48, Defendant is informed and believes that

19  Mr. Oaxaca helped Mr. Garcia around his house a few times.  As to the remaining allegations of

20  paragraph 48, Defendant denies the remaining allegations contained therein.

21      49.    Answering the allegations of paragraph 49, Defendant admits that on the afternoon of

22  October 2, 2007 a meeting was held in Mr. Barrios' office with Mr. Barrios, Mr. Garcia, Ms. Eufracio,

23  Mr. Snee and plaintiff in attendance.  As to the remaining allegations, Defendant denies that the

24  handwritten letter was one-page.

25      50.    Answering the allegations of paragraph 50, Defendant admits that plaintiff stated that

26  he believed Mr. Oaxaca's conduct warranted disciplinary action and that plaintiff believed Mr. Oaxaca

27  ignored his verbal warnings.  Defendant denies that plaintiff expressed displeasure with the Spanish

28  preferential treatment allegedly exhibited by Ms. Eufracio and Mr. Garcia towards Mr. Oaxaca's

Case No. 08 CV 00907 DMS AJB
DEFENDANT PACIFIC HOSPITALITY GROUP INC'S
ANSWER TO PLAINTIFF'S CIVIL COMPLAINT

alleged misconduct.

51.    Answering the allegations of paragraph 51, Defendant admits that Mr. Barrios concluded that Mr. Oaxaca's conduct warranted disciplinary action and suspended Mr. Oaxaca for five days without pay. Defendant is informed and believes that Mr. Oaxaca was brought into the meeting and told about his suspension. As to the remaining allegations of paragraph 51, Defendant denies the remaining allegations therein.

52.    Answering the allegations of paragraph 52, Defendant is informed and believes that, in response to plaintiff's statement essentially stating that he didn't want anything to come in between his working relationship with Mr. Garcia, Mr. Barrios asked Mr. Garcia if it would be a problem and Mr. Garcia responded that it would not be, or words to that effect. With regard to the remaining allegations of paragraph 52, Defendant denies each and every remaining allegation therein.

53.    Answering the allegations of paragraph 53, Defendant is informed and believes that Mr. Garcia retired from his prior employment and admits the allegation on that basis. Defendant further admits that Mr. Barrios interviewed Mr. Garcia for the job at Best Western Hacienda Hotel. As to the remaining allegations of paragraph 54, Defendant denies each and every allegation therein.

54.    Answering the allegations of paragraph 54, Defendant is informed and believes that, in response to plaintiff's statement that he didn't want anything to come in between his working relationship with Mr. Garcia, Mr. Barrios asked Mr. Garcia if it would be a problem and Mr. Garcia responded that it would not be, or words to that effect. Defendant admits the meeting ended soon after this point. With regard to the remaining allegations of paragraph 54, Defendant denies each and every remaining allegation therein.

55.    Answering the allegations of paragraph 55, Defendant is informed and believes no such conduct occurred and therefore denies each and every allegation of the paragraph on that basis.

56.    Answering the allegations of paragraph 56, Defendant lacks knowledge or information sufficient to admit or deny such allegations, and on that basis, Defendant is informed and believes no such conduct occurred and therefore denies each and every allegation of the paragraph on that basis.

57.    Answering the allegations of paragraph 57, Defendant is informed and believes no such conduct occurred and therefore denies each and every allegation of the paragraph on that basis.

58.     Answering the allegations of paragraph 58, Defendant is informed and believes no such conduct occurred and therefore denies each and every allegation of the paragraph on that basis.

59.     Answering the allegations of paragraph 59, Defendant is informed and believes no such conduct occurred and therefore denies each and every allegation of the paragraph on that basis.

60.     Answering the allegations of paragraph 60, Defendant is informed and believes no such conduct occurred and therefore denies each and every allegation of the paragraph on that basis.

61.     Answering the allegations of paragraph 61, Defendant is informed and believes no such conduct occurred and therefore denies each and every allegation of the paragraph on that basis.

62.     Answering the allegations of paragraph 62, Defendant admits that Mr. Garcia did not shake hands with plaintiff for about a week after the incident.  As to the remaining allegations of paragraph 62, Defendant denies each and every remaining allegation therein.

63.     Answering the allegations of paragraph 63, Defendant is informed and believes that Mr. Garcia may have expressed the fact that he did not believe Mr. Oaxaca should have received a 5 day suspension without pay.  As to the remaining allegations of paragraph 63, Defendant denies each and every remaining allegation therein.

64.     Answering the allegations of paragraph 64, Defendant lacks knowledge or information sufficient to admit or deny such allegations, and on that basis, Defendant denies each and every allegation of the paragraph.

65.     Answering the allegations of paragraph 65, Defendant is informed and believes no such conduct occurred and therefore denies each and every allegation of the paragraph on that basis.

66.     Answering the allegations of paragraph 66, Defendant is informed and believes no such conduct occurred and therefore denies each and every allegation of the paragraph on that basis.

67.     Answering the allegations of paragraph 67, Defendant denies each and every allegation of the paragraph.

68.     Answering the allegations of paragraph 68, Defendant admits it has a policy prohibiting unlawful discrimination and harassment.  As to the remaining allegations of paragraph 68, Defendant denies the remaining allegations therein.

69.     Answering the allegations of paragraph 69, Defendant admits the allegations therein.

70.     Answering the allegations of paragraph 70, Defendant admits that Alicia is not fluent in English.  As to the remaining allegations of paragraph 70, Defendant is informed and believes no such conduct occurred and therefore denies each and every allegation of the paragraph on that basis.

71.     Answering the allegations of paragraph 71, Defendant is informed and believes no such conduct occurred and therefore denies each and every allegation of the paragraph on that basis.

72.     Answering the allegations of paragraph 72, Defendant admits that Mr. Oaxaca returned to work on or about October 10, 2007.  As to the remaining allegations of paragraph 72, Defendant is informed and believes no such conduct occurred and therefore denies each and every allegation of the paragraph on that basis.

73.     Answering the allegations of paragraph 73, Defendant admits the allegations therein.

74.     Answering the allegations of paragraph 74, Defendant denies the allegations therein.

75.     Answering the allegations of paragraph 75, Defendant denies the allegations therein.

76.     Answering the allegations of paragraph 76, Defendant lacks knowledge or information sufficient to admit or deny such allegations, and on that basis, Defendant denies each and every allegation of the paragraph.

77.     Answering the allegations of paragraph 77, Defendant admits the allegations therein.

78.     Answering the allegations of paragraph 78, Defendant is informed and believes that on or about October 16, 2007 Mr. Garcia was paged on the radio.  As to the remaining allegations of paragraph 78, Defendant lacks knowledge sufficient to admit or deny such allegations and on that basis, Defendant denies each and every allegation of the paragraph.

79.     Answering the allegations of paragraph 79, Defendant is informed and believes that on approximately October 16, 2007 plaintiff was asked to meet with Mr. Snee and plaintiff may have been paged on the radio to come to the meeting.  As to the remaining allegations of paragraph 79, Defendant sufficient to admit or deny such allegations and on that basis, Defendant denies each and every allegation of the paragraph.

80.     Answering the allegations of paragraph 80, Defendant admits that Mr. Snee asked plaintiff to review his application and let Mr. Snee know if it was correct.  Defendant further admits that Mr. Snee asked plaintiff about a 20 year period on his resume.  As to the remaining allegations of

paragraph 80, Defendant lacks sufficient information to admit or deny what plaintiff observed.

81.    Answering the allegations of paragraph 81, Defendant admits that plaintiff informed Mr. Snee that he had served almost 20 years in prison and that Mr. Snee wanted to wait until Mr. Barrios returned to work before taking any further action.    As to the remaining allegations, Defendant denies the remaining allegations.

82.    Answering the allegations of paragraph 82, Defendant is informed and believes that Mr. Snee asked plaintiff who knew about his criminal background, and stated that he would keep the information confidential and only discuss it with the corporate office.    Except as expressly admitted, Defendant denies the remaining allegations.

83.    Answering the allegations of paragraph 83, Defendant lacks knowledge or information sufficient to admit or deny such allegations, and on that basis, Defendant denies the remaining factual allegations.

84.    Answering the allegations of paragraph 84, Defendant admits the allegations therein.

85.    Answering the allegations of paragraph 85, Defendant admits that Mr. Grand interviewed plaintiff.

86.    Answering the allegations of paragraph 86, Defendant admits that Mr. McWethy approved Mr. Barrios' recommendation to hire plaintiff.    Except as expressly admitted, Defendant denies the remaining allegations.

87.    Answering the allegations of paragraph 87, Defendant is informed and believes that plaintiff worked at NASSCO prior to coming to work for Best Western Hacienda Hotel.    Defendant denies that plaintiff was promised higher pay and opportunity for advancement.    As to the remaining allegations of paragraph 87, Defendant lacks knowledge or information sufficient to admit or deny what plaintiff's intentions were.

88.    Answering the allegations of paragraph 88, Defendant lacks knowledge or information sufficient to admit or deny what plaintiff's suspicions were.    Defendant admits that Mr. Garcia was the individual who raised plaintiff's criminal background with Mr. Snee.

89.    Answering the allegations of paragraph 89, Defendant is unable to determine what plaintiff means by the phrase "actual and constructive knowledge of what was taking place" and is

Case No. 08 CV 00907 DMS AJB
DEFENDANT PACIFIC HOSPITALITY GROUP INC'S
ANSWER TO PLAINTIFF'S CIVIL COMPLAINT

therefore unable to admit or deny the allegations and therefore denies each and every allegation of the paragraph on that basis.

90.    Answering the allegations of paragraph 90, Defendant denies the allegations therein as Mr. Garcia has involvement in Human Resources and personnel matters due to the fact of his position as the Director of Landscaping.

91.    Answering the allegations of paragraph 91, Defendant denies each and every allegation of the paragraph.

92.    Answering the allegations of paragraph 92, Defendant admits that Mr. Snee asked plaintiff for the paperwork approximately five times.  Defendant denies each and every remaining allegation of the paragraph.

93.    Answering the allegations of paragraph 93, Defendant is informed and believes no such conduct occurred and therefore denies each and every allegation of the paragraph on that basis.

94.    Answering the allegations of paragraph 94, Defendant is informed and believes no such conduct occurred and therefore denies each and every allegation of the paragraph on that basis.

95.    Answering the allegations of paragraph 95, Defendant lacks knowledge or information regarding what plaintiff is attempting to allege in paragraph 95, and on that basis, Defendant denies each and every allegation of the paragraph.

96.    Answering the allegations of paragraph 96, Defendant is unsure what plaintiff is referring to by the statement "what Rodrigo Garcia was doing." Nonetheless, Defendant is unable to admit or deny legal allegations or conclusions of law regarding plaintiff's claims.  With respect to any factual allegations in paragraph 97, Defendant denies each and every allegation of the paragraph.

97.    Answering the allegations of paragraph 97, Defendant is unable to admit or deny legal allegations or conclusions of law regarding plaintiff's claims.  Defendant admits that Mr. Snee acts as the General Manager in Mr. Barrios' absence.  With respect to any remaining factual allegations in paragraph 97, Defendant denies each and every allegation of the paragraph.

98.    Answering the allegations of paragraph 98, Defendant is unable to admit or deny legal allegations or conclusions of law regarding plaintiff's claims.  With respect to any factual allegations in paragraph 98, Defendant denies each and every allegation of the paragraph.

99.     Answering the allegations of paragraph 99, Defendant is informed and believes such allegations are true and admits the allegations on that basis.

100.    Answering the allegations of paragraph 100, Defendant is informed and believes that Mr. Garcia was paged on the radio to go to Mr. Snee's office.  Defendant is without sufficient information to admit or deny the specific words used in the communication, whether or not the employee who sent the radio transmission was a female from the front desk, and how many radio transmissions were made, and on that basis, Defendant denies each and every allegation of the paragraph except as expressly admitted.

101.    Answering the allegations of paragraph 101, Defendant is informed and believes that Mr. Snee approached plaintiff near the 600 building and they had a brief conversation.  Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations, and on that basis, Defendant denies each and every remaining allegation of the paragraph.

102.    Answering the allegations of paragraph 102, Defendant admits that a conversation took place between Mr. Snee and plaintiff wherein Mr. Snee asked plaintiff to bring in the documentation plaintiff had referenced previously that he believed would demonstrate he had no conviction.  As to the remaining allegations, Defendant lacks knowledge or information sufficient to admit or deny such allegations, and on that basis, except as expressly admitted, Defendant denies the remaining factual allegations.

103.    Answering the allegations of paragraph 103, Defendant lacks knowledge or information sufficient to admit or deny what plaintiff deduced, and on that basis, Defendant denies each and every allegation of the paragraph.

104.    Answering the allegations of paragraph 104, Defendant lacks knowledge or information sufficient to admit or deny what plaintiff deduced, and on that basis, Defendant denies each and every allegation of the paragraph.

105.    Answering the allegations of paragraph 105, Defendant admits that it has a communications and grievances policy.

106.    Answering the allegations of paragraph 106, Defendant admits that a portion of the grievance process involves filing a written complaint with the General Manager which may then be

1  appealed to the corporate office.

2      107.    Answering the allegations of paragraph 107, Defendant admits that Mr. Barrios had

3  been out of town and when he returned, Mr. Snee informed him of what had taken place with regard to

4  plaintiff's criminal background coming to light.  As to the remaining allegations, Defendant lacks

5  knowledge or information sufficient to admit or deny such allegations, and on that basis, except as

6  expressly admitted, Defendant denies the remaining factual allegations.

7      108.    Answering the allegations of paragraph 108, Defendant denies each and every

8  allegation of the paragraph.

9      109.    Answering the allegations of paragraph 109, Defendant denies each and every

10  allegation of the paragraph.

11      110.    Answering the allegations of paragraph 110, Defendant admits that on October 29,

12  2007 around the lunch hour plaintiff went to the Landscaping Shop, gathered his belongings and

13  clocked out for the day.  As to the remaining allegations, Defendant lacks knowledge or information

14  sufficient to admit or deny such allegations, and on that basis, except as expressly admitted, Defendant

15  denies the remaining factual allegations.

16      111.    Answering the allegations of paragraph 111, Defendant is informed and believes no

17  such conduct occurred and therefore denies each and every allegation of the paragraph on that basis.

18      112.    Answering the allegations of paragraph 112, Defendant admits the allegations therein.

19      113.    Answering the allegations of paragraph 113, Defendant admits that Mr. Gaines did not

20  sign any papers acknowledging he voluntarily quit and did not submit a letter of resignation.  As to the

21  remaining allegations, except as expressly admitted, Defendant denies the remaining factual

22  allegations.

23      114.    Answering the allegations of paragraph 114, Defendant admits that Mr. Snee called

24  plaintiff at some point and made a statement similar to the statement alleged.  Defendant is unsure of

25  the date that the conversation took place and denies the remaining factual allegations on that basis.

26      115.    Answering the allegations of paragraph 115, Defendant admits that Mr. Snee asked

27  plaintiff for the paperwork on his conviction.  As to the remaining allegations, except as expressly

28  admitted, Defendant denies the remaining factual allegations.

116.    Answering the allegations of paragraph 116, Defendant admits that Mr. Snee told plaintiff that he and Mr. Barrios would like to meet with plaintiff regarding his leaving work.  As to the remaining allegations, except as expressly admitted, Defendant denies the remaining factual allegations.

117.    Answering the allegations of paragraph 117, Defendant admits that on October 31, 2007 plaintiff returned to the hotel and handed Mr. Garcia a Spanish language book, in the presence of Mr. Brownen, before proceeding into the hotel.  As to the remaining allegations, except as expressly admitted, Defendant denies the remaining factual allegations.

118.    Answering the allegations of paragraph 118, Defendant denies the allegations herein.

119.    Answering the allegations of paragraph 119, Defendant lacks knowledge or information sufficient to admit or deny such allegations, and on that basis, Defendant denies each and every allegation of the paragraph.

120.    Answering the allegations of paragraph 120, Defendant admits that plaintiff came to the hotel that day and met with Mr. Barrios and Mr. Snee.  Defendant lacks knowledge or information sufficient to admit or deny the specific allegations of this paragraph, and on that basis, Defendant denies each and every allegation of the paragraph.

121.    Answering the allegations of paragraph 121, Defendant admits that plaintiff came to the hotel that day and met with Mr. Barrios and Mr. Snee.  Defendant lacks knowledge or information sufficient to admit or deny the specific allegations of this paragraph, and on that basis, Defendant denies each and every allegation of the paragraph.

122.    Answering the allegations of paragraph 122, Defendant admits that Mr. Snee and Mr. Barrios did want to speak with plaintiff and did meet with him on that day.

123.    Answering the allegations of paragraph 123, Defendant admits that Mr. Barrios made a statement similar to the statement quoted.  Defendant denies that the statement was made through consciousness of guilt.

124.    Answering the allegations of paragraph 124, Defendant admits that plaintiff complained in the meeting that two of the staff were not greeting him at the trolley stop as they had been before the incident with Mr. Oaxaca.  Defendant denies the remaining allegations.

125.    Answering the allegations of paragraph 125, Defendant admits that plaintiff stated he was concerned about returning to work because he believed some of the staff was not as friendly to him as they had been before.  Defendant denies the remaining allegations.

126.    Answering the allegations of paragraph 126, Defendant admits that Mr. Barrios made a statement similar to the statement alleged, but denies that this was the exact statement.

127.    Answering the allegations of paragraph 127, Defendant admits that Mr. Barrios made a statement to the effect that plaintiff should be able to get through this situation, especially in light of all he had been through in his life.  Defendant denies the remaining allegations contained in paragraph 127.

128.    Answering the allegations of paragraph 128, Defendant admits that when Mr. Snee was asked by plaintiff how the information regarding his conviction came to light, Mr. Snee responded that the information came from Mr. Garcia.

129.    Answering the allegations of paragraph 129, Defendant denies each and every allegation of the paragraph.

130.    Answering the allegations of paragraph 130, Defendant denies each and every allegation of the paragraph.

131.    Answering the allegations of paragraph 131, Defendant denies each and every allegation of the paragraph.

132.    Answering the allegations of paragraph 132, Defendant denies that plaintiff was constructively discharged on grounds of intentional racial discrimination as alleged.  As to the remaining allegations, Defendant lacks knowledge or information sufficient to admit or deny such allegations, and on that basis, Defendant denies the remaining factual allegations.

133.    Answering the allegations of paragraph 133, Defendant lacks knowledge or information sufficient to admit or deny such allegations, and on that basis, Defendant denies each and every allegation of the paragraph.

134.    Answering the allegations of paragraph 134, Defendant admits that a 13 page fax from plaintiff was received on November 1, 2007.  Defendant denies the remaining factual allegations.

135.    Answering the allegations of paragraph 135, Defendant admits the allegations herein.

136.     Answering the allegations of paragraph 136, Defendant admits the allegations herein.

137.     Answering the allegations of paragraph 137, Defendant admits that plaintiff sent a four-page letter dated November 8, 2007 to Fred Grand and that plaintiff disagreed with the characterization of his resignation.

138.     Answering the allegations of paragraph 138, Defendant admits that plaintiff disagreed with Mr. Harkins overseeing the investigation and communicated the same in his November 8, 2007 letter.

139.     Answering the allegations of paragraph 139, Defendant admits that plaintiff declined to participate in the investigation.  Defendant denies each and every remaining allegation of the paragraph.

140.     Answering the allegations of paragraph 140, Defendant is informed and believes that Ms. Reilly contacted plaintiff via telephone to request that he participate in the investigation. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations.

141.     Answering the allegations of paragraph 141, Defendant lacks knowledge or information sufficient to admit or deny such allegations.

142.     Answering the allegations of paragraph 142, Defendant admits the allegations herein.

143.     Answering the allegations of paragraph 143, Defendant admits that plaintiff sent Ms. Reilly a six page letter explaining his position regarding the alleged discriminatory treatment he believes he received.

144.     Answering the allegations of paragraph 144, Defendant admits the allegations herein.

145.     Answering the allegations of paragraph 145, Defendant admits the allegations herein.

146.     Answering the allegations of paragraph 146, Defendant denies each and every allegation of the paragraph.

147.     Answering the allegations of paragraph 147, Defendant denies the allegations therein with the exception of plaintiff's allegation that he has sought professional mental health assistance. As to such allegation, Defendant lacks knowledge or information sufficient to admit or deny such allegation, and on that basis, Defendant denies the allegation.

148.     Answering the allegations of paragraph 148, Defendant lacks knowledge or

Case No. 08 CV 00907 DMS AJB
DEFENDANT PACIFIC HOSPITALITY GROUP INC'S
ANSWER TO PLAINTIFF'S CIVIL COMPLAINT

1  information sufficient to admit or deny such allegations, and on that basis, Defendant denies each and

2  every allegation of the paragraph.

3      149.    Answering the allegations of paragraph 149, Defendant lacks knowledge or

4  information sufficient to admit or deny such allegations, and on that basis, Defendant denies each and

5  every allegation of the paragraph.

6      150.    Answering the allegations of paragraph 150, Defendant denies that plaintiff was

7  subjected to ill-treatment while employed by Best Western Hacienda Hotel.   Defendant lacks

8  knowledge or information sufficient to admit or deny the remaining allegations, and on that basis,

9  Defendant denies each and every remaining allegation of the paragraph.

10      151.    Answering the allegations of paragraph 151, Defendant admits the allegations therein.

11      152.    Answering the allegations of paragraph 152, Defendant denies that any such incident

12  took place, but admits that the alleged incident was the basis for plaintiff seeking the restraining order.

13      153.    Answering the allegations of paragraph 153, Defendant admits the allegations therein.

14      154.    Answering the allegations of paragraph 154, Defendant admits the allegations therein.

15      155.    Answering the allegations of paragraph 155, Defendant admits that plaintiff filed a

16  complaint with the EEOC regarding his concern that he had been discriminated against.   On

17  information and belief, Defendant denies each and every remaining allegation.

18      156.    Answering the allegations of paragraph 156, Defendant admits that plaintiff filed a

19  charge of discrimination with the EEOC.   Defendant lacks knowledge or information sufficient to

20  admit or deny the remaining allegations, and on that basis, Defendant denies each and every remaining

21  allegation.

22      157.    Answering the allegations of paragraph 157, Defendant admits the allegations therein.

23      158.    Answering the allegations of paragraph 158, plaintiff references the subject of a

24  confidential mediation in violation of the rules regarding the mediation.   As such, Defendant is unable

25  to admit or deny the allegation.

26      159.    Answering the allegations of paragraph 159, Defendant lacks knowledge or

27  information sufficient to admit or deny such allegations; however, Defendant is aware that plaintiff

28  received a right to sue notice.

160.    Answering the allegations of paragraph 160, Defendant lacks knowledge or information sufficient to admit or deny such allegations; however, Defendant is aware that plaintiff received a right to sue notice.

161.    Answering the allegations of paragraph 161, Defendant is unable to admit or deny legal allegations or conclusions of law regarding plaintiff's claims, as said allegations are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure. With respect to any factual allegations in Paragraph 161, Defendant denies the allegations therein.

162.    Answering the allegations of paragraph 162, Defendant is unable to admit or deny legal allegations or conclusions of law regarding plaintiff's claims, as said allegations are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure.

163.    Answering the allegations of paragraph 163, Defendant is unable to admit or deny legal allegations or conclusions of law regarding plaintiff's claims, as said allegations are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure. With respect to any factual allegations in Paragraph 163, Defendant denies each and every allegation of the paragraph.

164.    Answering the allegations of paragraph 164, Defendant denies each and every allegation of the paragraph.

165.    Answering the allegations of paragraph 165, Defendant denies each and every allegation of the paragraph.

166.    Answering the allegations of paragraph 166, Defendant denies each and every allegation of the paragraph.

167.    Answering the allegations of paragraph 167, Defendant incorporates by reference its responses to Paragraph 1-166.

168.    Answering the allegations of paragraph 168, Defendant denies each and every allegation of the paragraph.

169.    Answering the allegations of paragraph 169, Defendant admits that plaintiff is suing defendants and seeking damages as claimed. Except as expressly admitted, Defendant denies that plaintiff suffered damages and denies the remaining factual allegations in paragraph 169.

170.    Answering the allegations of paragraph 170, Defendant admits that plaintiff is suing defendants and seeking damages as claimed.  Except as expressly admitted, Defendant denies that plaintiff suffered damages and denies the remaining factual allegations in paragraph 170.

171.    Answering the allegations of paragraph 171, Defendant incorporates by reference its responses to Paragraph 1-170.

172.    Answering the allegations of paragraph 172, Defendant denies each and every allegation of the paragraph.

173.    Answering the allegations of paragraph 173, Defendant admits that plaintiff is suing defendants and seeking damages as claimed.  Except as expressly admitted, Defendant denies that plaintiff suffered damages and denies the remaining factual allegations in paragraph 173.

174.    Answering the allegations of paragraph 174, Defendant admits that plaintiff is suing defendants and seeking damages as claimed.  Except as expressly admitted, Defendant denies that plaintiff suffered damages and denies the remaining factual allegations in paragraph 174.

175.    Answering the allegations of paragraph 175, Defendant incorporates by reference its responses to Paragraph 1-174.

176.    Answering the allegations of paragraph 176, Defendant denies each and every allegation of the paragraph 176.

177.    Answering the allegations of paragraph 177, Defendant admits that plaintiff is suing defendants and seeking damages as claimed.  Except as expressly admitted, Defendant denies that plaintiff suffered damages and denies the remaining factual allegations in paragraph 177.

178.    Answering the allegations of paragraph 178, Defendant admits that plaintiff is suing defendants and seeking damages as claimed.  Except as expressly admitted, Defendant denies that plaintiff suffered damages and denies the remaining factual allegations in paragraph 178.

179.    Answering the allegations of paragraph 179, Defendant incorporates by reference its responses to Paragraph 1-178.

180.    Answering the allegations of paragraph 180, Defendant denies each and every allegation of the paragraph 180.

181.    Answering the allegations of paragraph 181, Defendant admits that plaintiff is suing

21

defendants and seeking damages as claimed.  Except as expressly admitted, Defendant denies that plaintiff suffered damages and denies the remaining factual allegations in paragraph 181.

182.    Answering the allegations of paragraph 182, Defendant admits that plaintiff is suing defendants and seeking damages as claimed.  Except as expressly admitted, Defendant denies that plaintiff suffered damages and denies the remaining factual allegations in paragraph 182.

183.    Answering the allegations of paragraph 183, Defendant incorporates by reference its responses to Paragraph 1-182.

184.    Answering the allegations of paragraph 184, Defendant denies each and every allegation of the paragraph 184.

185.    Answering the allegations of paragraph 185, Defendant admits that plaintiff is suing defendants and seeking damages as claimed.  Except as expressly admitted, Defendant denies that plaintiff suffered damages and denies the remaining factual allegations in paragraph 185.

186.    Answering the allegations of paragraph 186, Defendant admits that plaintiff is suing defendants and seeking damages as claimed.  Except as expressly admitted, Defendant denies that plaintiff suffered damages and denies the remaining factual allegations in paragraph 186.

187.    Answering the allegations of paragraph 187, Defendant incorporates by reference its responses to Paragraph 1-186.

188.    Answering the allegations of paragraph 188, Defendant denies each and every allegation of the paragraph 188.

189.    Answering the allegations of paragraph 189, Defendant admits that plaintiff is suing defendants and seeking damages as claimed.  Except as expressly admitted, Defendant denies that plaintiff suffered damages and denies the remaining factual allegations in paragraph 189.

190.    Answering the allegations of paragraph 190, Defendant admits that plaintiff is suing defendants and seeking damages as claimed.  Except as expressly admitted, Defendant denies that plaintiff suffered damages and denies the remaining factual allegations in paragraph 190.

191.    Answering the allegations of paragraph 191, Defendant incorporates by reference its responses to Paragraph 1-190.

192.    Answering the allegations of paragraph 192, Defendant denies each and every

1    allegation of the paragraph 192.

2        193.    Answering the allegations of paragraph 193, Defendant admits that plaintiff is suing

3    defendants and seeking damages as claimed.  Except as expressly admitted, Defendant denies that

4    plaintiff suffered damages and denies the remaining factual allegations in paragraph 193.

5        194.    Answering the allegations of paragraph 194, Defendant incorporates by reference its

6    responses to Paragraph 1-193.

7        195.    Answering the allegations of paragraph 195, Defendant denies each and every

8    allegation of the paragraph 195.

9        196.    Answering the allegations of paragraph 196, Defendant admits that plaintiff is suing

10   defendants and seeking damages as claimed.  Except as expressly admitted, Defendant denies that

11   plaintiff suffered damages and denies the remaining factual allegations in paragraph 196.

12       197.    Answering the allegations of paragraph 197, Defendant admits that plaintiff is suing

13   defendants and seeking damages as claimed.  Except as expressly admitted, Defendant denies that

14   plaintiff suffered damages and denies the remaining factual allegations in paragraph 197.

15       198.    Answering the allegations of paragraph 198, Defendant incorporates by reference its

16   responses to Paragraph 1-197.

17       199.    Answering the allegations of paragraph 199, Defendant denies each and every

18   allegation of the paragraph 199.

19       200.    Answering the allegations of paragraph 200, Defendant admits that plaintiff is suing

20   defendants and seeking damages as claimed.  Except as expressly admitted, Defendant denies that

21   plaintiff suffered damages and denies the remaining factual allegations in paragraph 200.

22       201.    Answering the allegations of paragraph 201, Defendant admits that plaintiff is suing

23   defendants and seeking damages as claimed.  Except as expressly admitted, Defendant denies that

24   plaintiff suffered damages and denies the remaining factual allegations in paragraph 201.

25       202.    Answering the allegations of paragraph 202, Defendant incorporates by reference its

26   responses to Paragraph 1-201.

27       203.    Answering the allegations of paragraph 203, Defendant denies each and every

28   allegation of the paragraph 203.

204.    Answering the allegations of paragraph 204, Defendant admits that plaintiff is suing defendants and seeking damages as claimed.  Except as expressly admitted, Defendant denies that plaintiff suffered damages and denies the remaining factual allegations in paragraph 204.

205.    Answering the allegations of paragraph 205, Defendant incorporates by reference its responses to Paragraph 1-204.

206.    Answering the allegations of paragraph 206, Defendant denies each and every allegation of the paragraph 206.

207.    Answering the allegations of paragraph 207, Defendant admits that plaintiff is suing defendants and seeking damages as claimed.  Except as expressly admitted, Defendant denies that plaintiff suffered damages and denies the remaining factual allegations in paragraph 207.

208.    Answering the allegations of paragraph 208, Defendant incorporates by reference its responses to Paragraph 1-207.

209.    Answering the allegations of paragraph 209, Defendant denies each and every allegation of the paragraph 209.

210.    Answering the allegations of paragraph 210, Defendant admits that plaintiff is suing defendants and seeking damages as claimed.  Except as expressly admitted, Defendant denies that plaintiff suffered damages and denies the remaining factual allegations in paragraph 210.

211.    Answering the allegations of paragraph 211, Defendant incorporates by reference its responses to Paragraph 1-210.

212.    Answering the allegations of paragraph 212, Defendant denies each and every allegation of the paragraph 212.

213.    Answering the allegations of paragraph 213, Defendant admits that plaintiff is suing defendants and seeking damages as claimed.  Except as expressly admitted, Defendant denies that plaintiff suffered damages and denies the remaining factual allegations in paragraph 213.

214.    Answering the allegations of paragraph 214, Defendant incorporates by reference its responses to Paragraph 1-213.

215.    Answering the allegations of paragraph 215, Defendant denies each and every allegation of the paragraph 215.

216. Answering the allegations of paragraph 216, Defendant admits that plaintiff is suing defendants and seeking damages as claimed. Except as expressly admitted, Defendant denies that plaintiff suffered damages and denies the remaining factual allegations in paragraph 216.

217. Answering the allegations of paragraph 217, Defendant incorporates by reference its responses to Paragraph 1-216.

218. Answering the allegations of paragraph 218, Defendant denies each and every allegation of the paragraph 218.

219. Answering the allegations of paragraph 219, Defendant admits that plaintiff is suing defendants and seeking damages as claimed. Except as expressly admitted, Defendant denies that plaintiff suffered damages and denies the remaining factual allegations in paragraph 219.

### WITHOUT WAIVING ANY OF THE FOREGOING, ANSWERING DEFENDANT, FOR ITS AFFIRMATIVE DEFENSES TO THE COMPLAINT, ALLEGES AS FOLLOWS:

The following separate affirmative defenses are asserted to the Complaint, and to each purported claim therein brought against Defendant. By pleading these affirmative defenses, Defendant does not assume the burden of proving any fact, issue, or element of a cause of action where such burden rests with plaintiff. Moreover, nothing stated herein is intended or shall be construed as an admission that any particular issue or subject matter is relevant to plaintiff's allegations.

### AFFIRMATIVE DEFENSES TO THE COMPLAINT AND EACH ALLEGED CAUSE OF ACTION THEREOF

As separate affirmative defenses to the Complaint, and to each purported cause of action therein, defendant alleges:

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Cause of Action)

The Complaint fails to state facts sufficient to constitute a cause or causes of action against Defendant.

///

**SECOND AFFIRMATIVE DEFENSE**

**(Uncertainty)**

The Complaint is vague, uncertain, ambiguous and unintelligible.

**THIRD AFFIRMATIVE DEFENSE**

**(Failure to Identify Specific Statutory/Constitutional Provisions)**

Some or all of the claims for damages in the Complaint are barred in that plaintiff has failed to identify, with the requisite degree of specificity, any statutory and/or constitutional provision which has been expressly violated by any act of Defendant.

**FOURTH AFFIRMATIVE DEFENSE**

**(Statutes of Limitation)**

Defendant is informed and believes and thereon alleges that the Complaint, and each cause of action therein, is barred by each and every applicable statute of limitations, including, but not limited to, California Code of Civil Procedure sections 335.1, 338(a), 339(1), 340(a), 340(c), 343, California Government Code section 12960 and 12965(a) and (b), and 28 USC § 1658(a).

**FIFTH AFFIRMATIVE DEFENSE**

**(Failure to Commence Suit Timely)**

Some or all of the claims for damages in the Complaint are barred in that plaintiff failed to timely file his claims after receiving notice from the Department of Fair Employment and Housing and/or the Equal Employment Opportunity Commission.

**SIXTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

Plaintiff is estopped by his own conduct and omissions from asserting any claims, damages or seeking other relief from Defendant.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Waiver)**

Plaintiff, by his actions and/or omissions, knowingly, voluntarily and willingly waived any rights he might otherwise have had against Defendant.

/ / /

1

**EIGHTH AFFIRMATIVE DEFENSE**

2

**(Laches)**

3

Some or all of the causes of actions in the Complaint are barred by the doctrine of laches.

4

**NINTH AFFIRMATIVE DEFENSE**

5

**(No Authority)**

6

Any improper, illegal or intentional discriminatory actions or statements were contrary to and

7

in violation of Pacific Hospitality Group's policies and were never actually or apparently authorized

8

by Pacific Hospitality Group, and if undertaken were undertaken without its knowledge and were

9

never ratified, consented to or approved by Pacific Hospitality Group.

10

**TENTH AFFIRMATIVE DEFENSE**

11

**(Failure to Mitigate)**

12

Plaintiff has not been damaged. However, to the extent plaintiff proves otherwise, plaintiff has

13

failed to take adequate steps to minimize, alter, reduce or otherwise diminish his damages, if any, with

14

respect to the matters alleged in the Complaint, and by reason of the foregoing, plaintiff is barred from

15

the recovery of damages, or damages should be dismissed based on plaintiff's failure to mitigate.

16

**ELEVENTH AFFIRMATIVE DEFENSE**

17

**(Failure to Exhaust Administrative Remedies)**

18

Some or all of the claims for damages in the Complaint are barred in that plaintiff failed to

19

timely or properly exhaust his administrative remedies, including without limiting, remedies under the

20

California Fair Employment Housing Act, Title VII of the Civil Rights Act of 1964, and/or the

21

California Labor Code.

22

**TWELFTH AFFIRMATIVE DEFENSE**

23

**(Exclusive Statutory Remedy)**

24

Some or all of the claims for damages in the Complaint are barred in that plaintiff's exclusive

25

remedy is statutory under Government Code sections 12940 et seq., and there is no common law

26

remedy or other statutory remedy available to plaintiff.

27

/ / /

28

/ / /

Case No. 08 CV 00907 DMS AJB
DEFENDANT PACIFIC HOSPITALITY GROUP INC'S
ANSWER TO PLAINTIFF'S CIVIL COMPLAINT

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Workers' Compensation Preemption)**

Some or all of the claims for damages in the Complaint are barred by the provisions of the California Labor Code sections 3200 et seq., the Workers' Compensation laws, which provide plaintiff's exclusive remedy.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

Defendant is informed and believes and thereon alleges that plaintiff, by his own conduct, acts, and/or omissions, is barred by his unclean hands and shared fault from all legal and equitable relief requested in the Complaint.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(At Will Employment)**

Some or all of the claims for damages in the Complaint are barred in that plaintiff's employment relationship with defendant was for an unspecified period of time, and was at-will pursuant to California Labor Code section 2922.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Comparative Fault)**

Plaintiff is barred, in whole or in part, by his own fault from any legal or equitable relief against Defendant.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Contributory Fault)**

The loss, if any, allegedly sustained by plaintiff was proximately caused or contributed to by the negligence, improper conduct or intervening acts of plaintiff.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Apportionment)**

Defendant is not legally responsible for any damages claimed by plaintiff. If, however, defendant is found to be legally responsible, Defendant's legal responsibility is not the sole and proximate cause of any injury, and damages awarded to plaintiff, if any, should be apportioned

1  according to the respective fault and legal responsibility of all parties, persons and entities, and/or the

2  agents, servants and employees who contributed to and/or caused said incidents according to proof

3  presented at the time of trial.

4  ## NINETEENTH AFFIRMATIVE DEFENSE

5  ### (No Discrimination or Retaliation)

6      Some or all of the claims for damages in plaintiff's Complaint are barred in that Defendant's

7  actions in connection with the matter alleged were done in a non-discriminatory and non-retaliatory

8  manner.

9  ## TWENTIETH AFFIRMATIVE DEFENSE

10  ### (Valid Business Purposes)

11      Plaintiff's claims are barred for the reason that the alleged conduct of Defendant was at all

12  times undertaken in the good faith exercise of a valid business purpose.

13  ## TWENTY-FIRST AFFIRMATIVE DEFENSE

14  ### (Managerial Privilege or Immunity)

15      Some or all of the claims in the complaint are barred by the doctrine of managerial privilege or

16  immunity.

17  ## TWENTY-SECOND AFFIRMATIVE DEFENSE

18  ### (Conduct Privileged)

19      Some or all of the claims for damages in the Complaint are barred in that Defendant's actions

20  in connection with the matters alleged were done in good faith and based on its legitimate economic

21  interest and within the course and scope of its authority and were, therefore, privileged.

22  ## TWENTY-THIRD AFFIRMATIVE DEFENSE

23  ### (Constitutional Privilege)

24      Some or all of the claims for damages in the Complaint are barred because the statements

25  and/or acts complained of are privileged under the constitution of the United States and the

26  constitution of the State of California.

27  ///

28  ///

Case No. 08 CV 00907 DMS AJB
DEFENDANT PACIFIC HOSPITALITY GROUP INC'S
ANSWER TO PLAINTIFF'S CIVIL COMPLAINT

1

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

2

### (Conduct Justified)

3       All decisions and actions regarding plaintiff's employment with Defendant were done in the

4  exercise of proper managerial discretion, in good faith, and based on legitimate reasons.

5

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

6

### (Defendant's Full Performance)

7       Defendant is informed and believes and thereon alleges that it has performed and fully

8  discharged any and all obligations and legal duties to plaintiff pertinent to the matters alleged in

9  plaintiff's Complaint.

10

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

11

### (No Punitive/Exemplary Damages)

12       Under the applicable law and the facts of this case, plaintiff is not entitled to

13  punitive/exemplary damages.  Moreover, punitive/exemplary damages such as those claimed by

14  plaintiff are unconstitutional under the California Constitution and the United States Constitution.

15

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

16

### (Not Entitled to Attorneys' Fees)

17       The Complaint, and each cause of action contained therein, fails to allege any facts or any

18  legal theory sufficient to entitle plaintiff to recover attorneys' fees in this action.

19

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

20

### (Lack of Causation)

21       None of the acts, conduct and/or omissions attributed to Defendant in the Complaint may be

22  regarded as the actual or proximate cause of any damages plaintiff seeks to recover.

23

## TWENTY-NINTH AFFIRMATIVE DEFENSE

24

### (Consent)

25       Plaintiff consented to and approved all or some of the acts and omissions about which Plaintiff

26  now complains.  Accordingly, Plaintiff is barred from pursuing this action.

27  / / /

28  / / /

1

**THIRTIETH AFFIRMATIVE DEFENSE**

2

**(Discharge)**

3      Any purported obligation alleged in the Complaint which Defendant may have owed to

4  Plaintiff has been discharged and extinguished.

5

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

6

**(No Standing)**

7      Plaintiff lacks standing to bring some or all of his claims.

8

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

9

**(No State Action)**

10      Plaintiff's claims are barred in whole or in part due to the fact Defendant is not a state actor.

11

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

12

**(No Deception or Reliance)**

13      The claims of plaintiff are barred in whole or in part because there is no likelihood of actual

14  deception, individual reliance, or actual damage and they cannot be established as required pursuant

15  to, among other authority, the California Supreme Court's decision in <u>Mirkin v. Wasserman</u> (1993) 5

16  Cal.4th 1082.

17

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

18

**(Avoidable Consequences)**

19      Some or all of the claims for damages in plaintiff's Complaint are barred because plaintiff

20  unreasonably failed to use preventive and corrective measures available to him which would have

21  prevented all or some of the harm plaintiff alleges.

22

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

23

**(No Conspiracy)**

24      Some or all of plaintiff's claims fail in that some or all of the defendants who allegedly

25  conspired with Pacific Hospitality Group, Inc. were agents or employees of Pacific Hospitality Group,

26  Inc.

27  / / /

28  / / /

Case No. 08 CV 00907 DMS AJB
DEFENDANT PACIFIC HOSPITALITY GROUP INC'S
ANSWER TO PLAINTIFF'S CIVIL COMPLAINT

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

**(Reservation of Rights)**

Defendant currently has insufficient information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available.  Defendant therefore reserves the right to assert additional affirmative defenses in the event that discovery indicates that they would be appropriate.

WHEREFORE, defendant prays for judgment as follows:

1.    That plaintiff take nothing by virtue of this action;

2.    That any liability attributed to defendant be limited in direct proportion to that percentage of fault actually attributable to defendant;

3.    For costs of suit incurred herein, including attorneys' fees;

4.    For an order of this Court denying all relief sought by plaintiff herein; and

5.    For such other and further relief as this Court may deem just and proper.

DATED:  July 28, 2008                    LUCE, FORWARD, HAMILTON & SCRIPPS LLP


By: s/Liseanne R. Kelly
    WILLIAM T. EARLEY
    LISEANNE R. KELLY
    Attorneys for Pacific Hospitality Group, Inc., Brian
    Harkins, Luis Barrios, Rodrigo Garcia, Robert Snee,
    Emy Eufracio, Greg Brownen, Fred Grand, and
    William McWethy

101108371.2

1 | William T. Earley, State Bar No. 144877
Liseanne R. Kelly, State Bar No. 211782
2 | LUCE, FORWARD, HAMILTON & SCRIPPS LLP
600 West Broadway, Suite 2600
3 | San Diego, California 92101-3372
Telephone No.: 619.236.1414
4 | Fax No.: 619.232.8311

5 | Attorneys for Pacific Hospitality Group, Inc., Brian Harkins, Luis Barrios, Rodrigo Garcia, Robert
Snee, Emy Eufracio, Greg Brownen, Fred Grand, and William McWethy
6

7

8 | UNITED STATES DISTRICT COURT

9 | SOUTHERN DISTRICT OF CALIFORNIA

10 | SAN DIEGO DIVISION

11 | DICKEY GAINES,                                    Case No. 08 CV 00907 DMS AJB

12 |         Plaintiff,
                                                       **PROOF OF SERVICE**
13 | v.

14 | PACIFIC HOSPITALITY GROUP INC.,                   Complaint Filed:        May 22, 2008
BEST WESTERN HACIENDA HOTEL,
15 | BRIAN HARKINS, LUIS BARRIOS,
RODRIGO GARCIA, ROBERT SNEE, EMY
16 | EUFRACIO, GREG BROWNEN, FRED
GRAND, WILLIAM McWETHY, JOHN
17 | DOES,

18 |         Defendants.

19

20 |        I, Leisa Bitting, declare under penalty of perjury that I am over the age of eighteen years, that I

21 | am not a party to the above-referenced action, and that I am employed in the State of California,

22 | County of San Diego, where the within-mentioned service occurred. My business address is 600 West

23 | Broadway, Suite 2600, San Diego, California 92101; telephone number (619) 236-1414; facsimile

24 | number (619) 232-8311.

25 |        On July 28, 2008, I caused to be served the following document(s):

26 |        **1.        DEFENDANT PACIFIC HOSPITALITY GROUP INC.'S ANSWER TO
PLAINTIFF'S CIVIL COMPLAINT AND JURY DEMAND;**
27

28 |        **2.        DEFENDANT BRIAN HARKINS' ANSWER TO PLAINTIFF'S CIVIL
COMPLAINT AND JURY DEMAND;**

1    3.    DEFENDANT LUIS BARRIOS' ANSWER TO PLAINTIFF'S CIVIL
COMPLAINT AND JURY DEMAND;

2

3    4.    DEFENDANT RODRIGO GARCIA'S ANSWER TO PLAINTIFF'S CIVIL
COMPLAINT AND JURY DEMAND;

4    5.    DEFENDANT ROBERT SNEE'S ANSWER TO PLAINTIFF'S CIVIL
COMPLAINT AND JURY DEMAND;

5

6    6.    DEFENDANT EMY EUFRACIO'S ANSWER TO PLAINTIFF'S CIVIL
COMPLAINT AND JURY DEMAND;

7    7.    DEFENDANT GREG BROWNEN'S ANSWER TO PLAINTIFF'S CIVIL
COMPLAINT AND JURY DEMAND;

8

9    8.    DEFENDANT FRED GRAND'S ANSWER TO PLAINTIFF'S CIVIL
COMPLAINT AND JURY DEMAND;

10    9.    DEFENDANT WILLIAM MC WETHY'S ANSWER TO PLAINTIFF'S CIVIL
COMPLAINT AND JURY DEMAND.

11

12    on the interested parties in this action by:

13    **Electronic Mail Notice List**

14    The following are those who are currently on this list to receive e-mail notices for this case.

15    (No electronic mail notice recipients).

16    **Manual Notice List**

17    The following is the list of attorneys who are **not** on the list to receive e-mail notices for this

18    case (who therefore require manual noticing).

19    Dickey Gaines                              Attorney Pro Se
858 Beyer Way, Apt. K-2
20    San Diego, CA 92154
Telephone: (619) 575-1079
21

22    _____    **(STATE):** I declare under penalty of perjury under the laws of the State of California that
the foregoing is true and correct.

23    XX    **(FEDERAL):** I declare that I am employed in the office of a member of the bar of this
court at whose direction the service was made.

24

25    Executed at San Diego, California on July 28, 2008.

26

27    Leisa Bitting

28    101108946.1

2    Case No. 08 CV 00907 DMS AJB
PROOF OF SERVICE